**Ralph Bryan ELLISON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5996.

United States Court of Appeals Tenth Circuit.

Jan. 22, 1959.

David B. Downing, Denver, Colo., for appellant.

George Camp, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Ralph Bryan Ellison was indicted in the United States District Court for the Western District of Oklahoma for violation of the United States Narcotic Laws. On May 15, 1957 he entered a plea of not guilty to the eight counts of the indictment. On May 24, 1957 Elli-

18. Rule 54 F.R.C.P.

son withdrew his plea of not guilty and changed his plea to guilty on four counts and the remaining counts were dismissed. On May 28, 1957 the defendant filed a motion to withdraw the plea of guilty, which was denied after hearing. Thereafter Ellison was sentenced to forty years as a third offender of the Narcotics Control Act of 1956, 21 U.S.C.A. § 174, which sentence was to begin upon his release from a five year sentence which he was serving in the Oklahoma State penitentiary. No appeal was taken from the judgment and sentence.

While still serving the state sentence, Ellison wrote to the United States District Court for the Western District of Oklahoma, complaining because the court had refused to permit him to withdraw the plea of guilty.[1] The District Court treated the letter as a petition for habeas corpus and denied the same. Ellison then filed a formal application for a writ of habeas corpus, which was also denied. No appeal was taken from the action of the court in the foregoing matters. On April 21, 1958 a third application for habeas corpus was filed, and denied by the District Court. We authorized an appeal from this order in forma pauperis.

The petitioner was not confined within the territorial limits of the District Court, therefore the court did not have jurisdiction in habeas corpus. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; 28 U.S.C.A. § 2241, note 15. However, the requested relief could be obtained only under 28 U.S.C.A. § 2255, and we assume that the District Judge treated the petition as a motion under that section. But even if the letter and subsequent petitions are so considered, the request to withdraw the plea of guilty was properly denied because a proceeding under section 2255 was premature. The remedy provided by

that section is available only to "a prisoner in custody under sentence of a court established by Act of Congress * *."

The law is well settled that a prisoner in the custody of state authorities, serving a state sentence, cannot, under the provisions of section 2255, question the validity of a federal sentence which he is not serving. Wingo v. United States, 6 Cir., 244 F.2d 800; Duggins v. United States, 6 Cir., 240 F.2d 479; United States v. Kerschman, 7 Cir., 201 F.2d 682; United States v. Lavelle, 2 Cir., 194 F.2d 202. See also United States v. McGann, 2 Cir., 245 F.2d 670, and Fooshee v. United States, 5 Cir., 203 F.2d 247.

Affirmed.

---

1. In Hoyt v. United States, 10 Cir., 252 F.2d 460, 462, this court said:
   "A plea of guilty is itself a conviction and as conclusive as the verdict of a jury. One entering such a plea may be held bound by it. A defendant who enters a plea of guilty has no legal right to withdraw it. An application for leave to withdraw a plea of guilty is addressed to the sound discretion of the trial court. An order granting or denying such an application is reviewable on appeal only for abuse of discretion." (Footnotes omitted.)