Leonard J. WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6040.

United States Court of Appeals
Tenth Circuit.

June 8, 1959.

Rehearing Denied July 8, 1959.

Willis V. Carpenter, Denver, Colo., for appellant.

George E. Peabody, Asst. U. S. Atty., Wichita, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

BRATTON, Chief Judge.

Drawn under 18 U.S.C. § 1114, an indictment returned in the United States Court for Kansas charged that Leonard J. Williams forcibly assaulted with a knife an employee and correctional officer of the federal penitentiary at Leavenworth, Kansas, who was then and there engaged in the performance of his official duties. The defendant pleaded guilty and was sentenced to imprisonment for a period of seven years, to begin at the expiration of the sentence he was then serving in the penitentiary at Leavenworth. Almost four years after the imposition of the sentence of seven years, the defendant filed a motion in the nature of petition for writ of error coram nobis in which he sought to have such judgment and sentence vacated upon the ground that his waiver of fundamental

rights and plea of guilty were not freely and voluntarily given and entered but were the result of duress and coercion exerted upon him by officials of the prison. The motion was denied and an appeal was seasonably perfected.

■ The court treated the motion filed by the appellant as one under 28 U.S.C.A. § 2255. The statute empowers a person in custody under sentence of a court established by Act of Congress to challenge by motion on one or more of the grounds enumerated in the statute the sentence under which he is in custody. The statute is available only to attack a sentence under which a prisoner is then in custody. It cannot be employed to attack a sentence under which the defendant has not yet begun to serve. Opinion and concurring opinion in Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; Ellison v. United States, 10 Cir., 263 F.2d 395.

At the time of the assault upon the employee and correctional officer of the federal penitentiary, and at the time of the denial of the motion for a writ of error coram nobis, petitioner was confined in that penal institution for service of another sentence. While it does not affirmatively appear in the record, it is stated in the brief of the Government— and not challenged by the appellant—that the sentence then being served was for bank robbery. Appellant has not begun to serve the sentence of seven years for assault upon the employee and correctional officer of the penitentiary. And therefore section 2255 is not yet available to him as a procedural channel through which to challenge such sentence. Opinion and concurring opinion in Heflin v. United States, supra; Ellison v. United States, supra.

■ But appellant did not undertake to proceed under section 2255. He expressly sought a writ of error coram nobis. In United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, it was held that after the expiration of the full term of service of a sentence in a criminal case, the sentence was open to challenge by application for a writ of error coram nobis upon the ground that the accused was only nineteen years of age, was without knowledge of law, was without advice concerning his rights, and was without the assistance of counsel. Fair analogy leads to the conclusion that as a matter of law the judgment and sentence of seven years imposed upon the appellant could be challenged before its service had begun upon the grounds pleaded in the motion for a writ of error coram nobis.

■ The trial court did not make disposition of the case upon any technical deficiency in pleading. Instead, the case was heard on its merits. A hearing was had at which appellant and others testified. Appellant testified in substance that after the assault charged in the indictment, he was held in segregation at the penitentiary; and that while held in segregation, he was threatened, whipped, beaten, and tortured. He further testified that he was told that such punishment would be continued unless he pleaded guilty, and that the only way he could protect himself from continued mistreatment of that kind was to plead guilty and end the matter in that manner. And he further testified that as the result of such mistreatment, he was nervous and unbalanced; that he did not consider himself guilty; and that he entered the plea of guilty in fear and because he had been promised that the mistreatment would be stopped if he pleaded guilty. But that evidence did not stand alone. The associate warden of the penitentiary, a correctional officer, and four custodial officers testified to facts and circumstances which in their totality tended to discredit the testimony of the appellant; and the court expressly found that appellant had not carried the burden of proof. In other words, the court in effect found the issues of fact against appellant; and the crucial findings have adequate support in the record and are not clearly erroneous. Therefore they must not be disturbed on appeal.

The judgment denying the motion for a writ of coram nobis is

Affirmed.