Marvin Joe IGO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6941.

United States Court of Appeals
Tenth Circuit.

April 28, 1962.

No appearance for appellant (Marvin Joe Igo filed a brief pro se).

E. C. Nelson, Asst. U. S. Atty., Muskogee, Okl. (Edwin Langley, U. S. Atty., Muskogee, Okl., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

On April 7, 1952, the appellant, Igo, after waiving his right to counsel, pleaded guilty, in the United States District Court for the Eastern District of Oklahoma, to an information charging him with the interstate transportation of a motor vehicle, knowing the same to be

**318**

stolen, in violation of 18 U.S.C. § 2312.[1] He was sentenced to a term of 3 years, which he served. He is now confined in the Kansas State Penitentiary under a sentence which, because of the prior conviction in federal court, was imposed for the longer term authorized by the state habitual criminal statute. He appeals from an order denying his motion to vacate the federal court sentence, in which he alleges that the judgment and sentence was void because he was permitted to enter a plea of guilty without the assistance of counsel.[2]

 The remedy provided by 28 U.S.C. § 2255 is available only to a prisoner who is serving a sentence which he alleges to be void. Williams v. United States, 10 Cir., 267 F.2d 559, cert. denied 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106; Ellison v. United States, 10 Cir., 263 F.2d 395. But Section 2255 does not supersede all remedies that can be invoked to determine the validity of a judgment and sentence when the defendant is no longer in custody under that sentence. A Section 2255 motion can be treated as an application for a writ of coram nobis, and the validity of the sentence may then be tested, in an appropriate case. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Roddy v. United States, 10 Cir., 296 F.2d 9. This extraordinary remedy, however, should be allowed "only under circumstances compelling such action to achieve justice." United States v. Morgan, supra, 346 U.S. at 511, 74 S.Ct. at 252. The record discloses that there are no such compelling circumstances in this case. Before Igo's waiver of counsel was accepted, the court was meticulous in advising him of his right to be represented by an attorney. He was told that the court would appoint counsel for him if he was without adequate funds to employ one. The charges against him, together with possible defenses, were explained in detail, and he was advised of the maximum sentence which might be imposed if he was convicted.

It is true that an accused is entitled to be represented by counsel at all stages in a criminal proceeding. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. It is also well settled that one charged with a crime may waive his right to counsel. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Nunley v. United States, 10 Cir., 283 F.2d 651; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759, cert. denied 307 U.S. 642, 59 S.Ct. 1045, 83 L.Ed. 1522. We are satisfied from the files and records of this case that Igo made a voluntary, intelligent and understanding waiver of counsel. Nunley v. United States, supra; Bradley v. United States, 10 Cir., 262 F.2d 679.

Affirmed.

---

1. At the time of his plea of guilty, Igo was 20 years of age.

2. The motion was filed under the provisions of 28 U.S.C. § 2255.