Danny R. SCARPONI, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7167.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1963.

John D. Comer, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from an Order of the District Court summarily denying petitioner's motion under 28 U.S.C.A. § 2255, for the correction of a sentence, based on his contention that it should be construed, by its terms, to run concurrently with the sentence he is now serving. We granted leave to appeal in forma pauperis, ordered the record certified here, and appointed counsel who filed brief and argued the case on behalf of the petitioner. The case is submitted to us on these facts: Petitioner was sentenced by the United States District Court for the Eastern District of Virginia to a three-year term on Count One, and a one-year term on Count Two of an indictment, the one-year term to run consecutively to the three-year term. On the same day, the same Court sentenced the petitioner to a term of three years on another indictment, the sentence to run consecutively to the sentences imposed under the prior indictment. Apparently while in custody, serving the aggregate four-year sentence under the first indictment, petitioner escaped. On his plea of guilty to the charge of escaping, the Kansas District Court pronounced a sentence of two years and six months, "this sentence to run consecutively with the sentence now being served by you." Acting under Rule 35, F.R.Crim.P., the Court subsequently reduced the sentence to impose a maximum term of two years, "such sentence to run consecutively to the sentence which he is now serving."

Thereafter, and apparently while serving his second consecutive Virginia sentence, petitioner addressed a letter to the Kansas Court in which he called attention to the recorded wording of the Court's oral pronouncement, suggesting that the use of the words, "to run consecutively *with* the sentence now being served" were ambiguous, and went on to contend that correctly construed, the judgment of the Court imposed, "a sentence of two years, to run concurrently with my second sentence of three years, and not consecutively at the end of my accumulated sentence of seven years." The Court seemed to think the petitioner's sole contention was that the use of the phrase, "consecutively with" instead of "consecutively to" in the oral pronouncement resulted in ambiguity, which should be resolved in favor of concurrent sentences. Finding no ambiguity in the use of the words, "consecutively with," the Court dismissed the complaint as being without merit. We readily agree with the Kansas Court that the use of the word "with" to impose a sequence of sentences does not render the judgment imposing such sentences in any manner ambiguous. See: Martin v. United States, 10 Cir., 285 F.2d 150. Moreover, the written Order, reducing the sentence to a term of two years, "consecutively to the sentence which he is now serving," eliminated any possible doubt or ambiguity arising from the use of the word "with." But, this does not answer petitioner's contention to the effect that when the instant two-year sentence was imposed, he was serving only the first of the consecutive Virginia sentences, and since the two-year sentence was to run consecutively to the sentence "now being served by you,"

it commenced to run at the expiration thereof, and is, therefore, concurrent with the second consecutive Virginia sentence.

Although no notice was taken of the availability of 28 U.S.C.A. § 2255 in the District Court or in the briefs and argument here, we must take note of the matter because of its procedural and jurisdictional significance in the resolution of post-conviction problems.

■ So much has been said of the availability of § 2255, it seems unnecessary to reiterate that, being "exactly commensurate with that which had previously been available by habeas corpus," it is unavailable to attack a sentence which the petitioner is not then serving, and which could not result in his release. Hill v. United States, 368 U.S. 424, 427, 82 S.Ct. 468, 7 L.Ed.2d 417; and see: Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; and Igo v. United States, 10 Cir., 303 F.2d 317. Inasmuch as petitioner does not contend that the sentence he attacks is void or that he is entitled to immediate release from it, § 2255 is unavailable to test his contentions concerning the sequence of its service.

■ The petitioner called his handwritten papers a motion under § 2255, and the District Court took cognizance of them as such. Rule 35, F.R.Crim.P. is invoked as an additional remedy for the first time in the brief on petitioner's behalf, but we will, of course, determine his right to relief by whatever remedy may be suitable to his cause. See: Igo v. United States, supra; Hill v. United States, supra, 368 U.S. 430, 82 S.Ct. 472; and Heflin v. United States, supra. While Rule 35 and § 2255 undoubtedly provide overlapping remedies, in that both authorize the correction of an illegal sentence, Rule 35 authorizes the correction of an "illegal sentence at any time," whether the correction results in the release of the prisoner, Duggins v. United States, 6 Cir., 240 F.2d 470, cited in Hill v. United States, supra, or even though the petitioner has served his sentense. Roddy v. United States, 10 Cir., 296 F.2d 9. The Rule is available to correct errors of law appearing on the face of the judgment,[1] and the ancient writ of error coram nobis is available to correct fundamental errors of fact. See: United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Igo v. United States, supra; and United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 59 L.Ed. 129.

While it seems to be authoritatively agreed that Rule 35 provides a remedy for the correction of illegal sentences under the circumstances in which § 2255 is unavailable, there is contrariety concerning the remedial scope of the office the Rule was designed to perform, i. e., see: Hill v. United States, supra; and Heflin v. United States, supra. There is language to the effect that a correctible illegal sentence is one which, upon its face, is in excess of the statutory or constitutional power of the Court to impose, such as a sentence in excess of the statutory limits or where multiple terms were imposed for the same offense, or where the terms of the sentence are in any respect legally or constitutionally invalid. See: Mr. Justice Stewart, speaking for a majority of the Court in Hill v. United States, supra, 368 U.S. 430, 82 S.Ct. 472; and see also Heflin v. United States, supra; United States v. Bradford, 2 Cir., 194 F.2d 197; Crowe v. United States, 6 Cir., 200 F.2d 526; Duggins v. United States, supra, and cases cited therein. Four members of the Court in the Hill case were of the opinion that "an 'illegal sentence' under any normal reading of the English language" means any sentence imposed in a "prohibited manner."

---

1. Rule 35, F.R.Crim.P., is intended to serve a two-fold purpose: (1) to authorize the Court to "correct an illegal sentence at anytime;" and, (2) to "reduce a sentence within 60 days after the sentence is imposed * * *," as, indeed, the Court did in this case. The propriety of that order is not involved here.

■ It would seem that under either concept of the scope of Rule 35, a sentence which is by its terms ambiguous with respect to the time and the manner in which it is to be served, is "illegal," hence correctible "at any time." Surely Rule 35 can serve no more useful purpose than to authorize the Court to clarify any ambiguity in its judgments, to the end that they shall be served strictly in accordance with their terms. We think Rule 35 was historically intended to serve this very salutary purpose.

■ The power of the Court to impose the instant sentence is not questioned; only the conditions of its servitude are involved, i. e., whether by its terms it is to run concurrently or consecutively to another sentence. The petitioner simply says that the language used in this respect clearly states either that it is to run concurrently with the sentence he was serving when it was imposed, or that it is unclear and the ambiguity should be resolved in accordance with the rule of lenity.

To be sure, it is the inescapable duty of the sentencing court to express its judgment in language which will be clearly understood by him who is to serve it and him who is to administer it. Indeed, it behooves the Court to use words with such care and precision that those who would misconstrue them to their advantage, cannot but pretend to do so. But, we know that words and phrases are most always susceptible to different interpretations, and we cannot expect to eliminate every conceivable doubt; Bius v. United States, 10 Cir., 286 F.2d 652; we cannot expect that "every possibility which may be conjured up by an active mind be eliminated." Ong v. Hunter, 10 Cir., 196 F.2d 256. Someone has suggested that at least one-half the contests of the law have their origin in the ambiguous use of language.

It must be conceded that literally construed, the singular rather than the plural use of the word, "sentence" supports the contention that it was to be served consecutively to the first and concurrent to the second Virginia sentence.

And, we should not hesitate to give it that interpretation, if we were not convinced from the record that the Court treated the accumulated Virginia sentences as one sentence, imposing a total servitude of seven years. Cf. Subas v. Hudspeth, 10 Cir., 122 F.2d 85. This construction of the sentence is supported by the record, for at the time of the oral pronouncement, the Court stated, "Now, of course, unless the sentences are consecutive, it wouldn't mean much." The Court has so construed his own language, and we cannot say that it is so indefinite and uncertain as to require a concurrent servitude.

Affirmed.