Alfonso Juan **ALIRE**, Appellant,

v.

**UNITED STATES of America, Appellee.**

**No. 7864.**

United States Court of Appeals
Tenth Circuit.

Dec. 17, 1964.

Rehearing Denied Jan. 22, 1965.

States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129, speaks of the use of coram nobis for the vacation of a judgment as existing "in those cases where the errors were of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid."

 The petitioner asserts as grounds for relief the lack of preparation of his counsel for trial and the denial by the court of a motion for continuance made just prior to trial. As to the first we note that appellant was sufficiently satisfied with his counsel to permit him to handle the direct appeal from the conviction; and as to the second no allegations are made to sustain any claim of abuse of discretion. In our opinion no compelling circumstances are shown for the use of the extraordinary writ of coram nobis.

Affirmed.

D. Kent Meyers, Oklahoma City, Okl., for appellant.

James A. Clark, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty. for Dist. of Colorado, with him on the brief), for appellee.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

PER CURIAM.

The trial court denied appellant's petition for coram nobis without a hearing. Appellant was charged with a violation of 18 U.S.C. § 1001, found guilty by a jury, and sentenced to a 3-year term. On appeal his conviction was affirmed (Alire v. United States, 10 Cir., 313 F.2d 31) and certiorari was denied, 373 U.S. 943, 83 S.Ct. 1554, 10 L.Ed.2d 699. He elected not to commence serving his federal term and at present he is confined in the Colorado State Penitentiary.

 In United States v. Morgan, 346 U.S. 502, 511, 74 S.Ct. 247, 252, 98 L.Ed. 248, the United States Supreme Court said that the extraordinary remedy of coram nobis should be allowed "only under circumstances compelling such action to achieve justice." United