**Jerry Warren OWENSBY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee (two cases).**

**Nos. 8262, 8343.**

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1965.

R. Eric Peterson, Denver, Colo., for appellant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., with him on the briefs), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant commenced two separate proceedings in the United States District Court. One is entitled "Petition for Writ of Error Coram Nobis" which is a petition directed to his conviction and sentence in a Dyer Act case which is numbered 63–175 in the United States District Court for the Western District of Oklahoma. The appeal from the trial

court's denial of relief on the coram nobis petition is No. 8343 in this court. The trial court considered the proceeding in No. 8343 as both a petition for writ of error coram nobis, as it was entitled, and also for relief under 28 U.S.C.A. § 2255.

The other proceeding commenced by the appellant is No. 8262 in this court, and is an appeal from a denial of appellant's petition in the trial court for relief pursuant to 28 U.S.C.A. § 2255. This proceeding seeks to vacate the sentence appellant received on another Dyer Act charge, No. 63–154 in the District Court.

In both cases, which will be considered together, the appellant urges that the trial court in the criminal proceedings did not make sufficient inquiry to determine whether the pleas were voluntary nor to determine whether appellant understood the charges.

Before considering the issues, a somewhat detailed recitation of the related proceedings is necessary. The record shows that on August 19, 1963, the appellant first appeared for arraignment on a charge under the Dyer Act. An attorney was then appointed to represent him and the case was continued until August 23, 1963. On that day the appellant appeared with his attorney and both signed in open court a waiver of indictment in Case No. 63–154 (No. 8262). This was a charge of transportation of a stolen automobile from Spartanburg, South Carolina, to Oklahoma City. The charges were read in full to appellant and he was advised of the penalties. The appellant was then asked whether he understood the charges and he replied that he did. Appellant's attorney then stated to the court that he had "several opportunities to talk" to appellant, and stated he wanted to enter a plea of not guilty. The plea was so made and the case was set for trial.

On September 6, the record shows that the appellant and his attorney executed a waiver of indictment on another Dyer Act charge, being No. 63–175 in the District Court, No. 8343 here. Shortly thereafter the appellant and his attorney also executed in the same case a "Consent to Transfer" form prepared pursuant to Rule 20 of the Federal Rules of Criminal Procedure, and thereafter on October 4, the appellant and his attorney appeared before the District Court for a plea in the same case. On this appearance the prosecutor announced that cases against the appellant appeared twice on the docket for that day and stated that the first case was No. 63–175, " * * * which was a Rule 20 transfer from the Western District of South Carolina." He further called the court's attention to appellant's other appearance in court on the charge, and that appellant had waived indictment and executed a consent to transfer, which documents had been sent to the Western District of South Carolina and thereafter the case had been transferred to the Western District of Oklahoma. He then announced that the case was ready for a plea under the transfer pursuant to Rule 20. The appellant was then asked how he pled and he replied "guilty," as did his codefendant wife. The United States Attorney then noticed that the penalty had not been explained and the court said:

> "That's an important matter to impress upon your mind before you enter a plea. Now that you have entered your plea of guilty, we must back up, or at least give you an opportunity to speak freely with reference to it.

> "Now, Mr. Owensby, knowing the penalty to be five years or $5,000 maximum, what is your plea?"

The appellant replied, "Guilty."

The court then proceeded with another Dyer Act charge, not here directly involved, a Rule 20 transfer from Alabama. The appellant before signing a consent to transfer heard the prosecutor explain that there were five cars involved in the several cases and that this consent would be sent to Alabama. The prosecutor said, " * * * when this is done and that case is transferred here, this will conclude the handling of these defendants." The court then asked the appellant whether he understood and he replied that he did. The court then stated that the Dyer Act

charge would be transferred from Alabama to Oklahoma, and asked appellant if he wanted it transferred. The appellant said he did and the consent was signed. The court asked appellant whether he had talked to his counsel about "this matter," appellant said he had, and his attorney said he had. A similar explanation was made to the codefendant, and she was asked whether she had talked to her lawyer about it. She replied that she had.

Following this plea, the appellant on October 17 appeared to enter a plea of guilty in another Dyer Act charge, being No. 63–229 which was a Rule 20 transfer from Alabama, but not the subject of this appeal. The charge and penalty were fully explained to appellant.

On October 25 the appellant again appeared on an additional Dyer Act charge arising in the state of Florida which had been transferred under Rule 20. The charge and penalty were fully explained and he entered a plea of guilty. Charges on a fifth Dyer Act violation were then dismissed.

The appellant was thereafter sentenced on all of the cases and charges referred to above. He made no objection and expressed no doubt as to the charges. Inadvertently he was sentenced in No. 63–154 in which he had entered a plea of not guilty. The error was noted shortly thereafter and appellant made an additional appearance before the court. At this time the court-appointed attorney for the appellant announced that he wished to correct the proceedings and to have the appellant enter a plea to the charge. At this time the following took place:

"THE COURT: Yes. It would have to be corrected. Very well, Jerry Owensby, in Case No. 63–154, the penalty in that case is five years and $5,000.00. You understand that?

"DEFENDANT JERRY WARREN OWENSBY: Yes, sir.

"THE COURT: How do you plead?

"DEFENDANT JERRY WARREN OWENSBY: Guilty.

"THE COURT: To the charge in that case?

"DEFENDANT JERRY WARREN OWENSBY: Guilty."

The records do not show in any instance that the appellant made any objection at the time of sentencing He filed a motion for reduction of sentence, but obtained no relief.

*Case No. 8343.*

The appellant asserts that his sentence entered by the District Court in No. 63–175 was in violation of the Constitution and of Rule 11 of the Federal Rules of Criminal Procedure by reason of the fact that his plea of guilty was accepted without the charge having been read to or stated in substance to him. Seeking to correct this, he filed a petition for writ of error coram nobis.

From the recitation of facts above set forth, it is apparent that the appellant was facing a series of accusations of violation of the Dyer Act. In this No. 8343 (63–175), it appears that at the time he executed a waiver of indictment and consent to transfer under Rule 20, he had already twice appeared for arraignment on another Dyer Act charge, and had entered a plea of not guilty. Thus by the time of his October 4 appearance in the proceedings about which he here complains, he had made two appearances on another Dyer Act charge, and had executed at different times, with his attorney, the waiver and Rule 20 consent in this case. After the entry of the plea appellant entered pleas in other cases, as described above, before being sentenced. All others were Dyer Act charges from various states and involved waivers and consents. It appears that appellant had disclosed freely the information as to the several offenses.

 Appellant was represented by the same attorney from his first appearance through the entire proceedings in each case or a period of over two months until time of sentencing. The record shows no objection to the proceedings

nor any indication whatever of doubt on appellant's part as to the nature of the charges. The execution of the consent to transfer in No. 63–175, under these circumstances, with its recitations that he had received and read a copy of the information and understood the charge, must be taken as evidence of his understanding of the charges. This may be considered also with appellant's prior response in No. 63–154 that he understood the charges there made. It is proper to so consider the entire circumstances revealed in the record, and especially the existence of these other cases with identical charges against appellant. He complains here that the charges in No. 63–175 were not read to him, but no useful purpose would have been served thereby. He places reliance on United States v. Lester, 247 F.2d 496 (2d Cir.), however other factors here present make it inapplicable. His involvement in the five separate Dyer Act charges at the time, together with the fact he had been represented by an attorney for a month and a half before his plea and consulted with him and with him made prior appearances in another Dyer Act charge, are sufficient to show that the reading of the charge would have been an empty formality. Bailey v. United States, 312 F.2d 679 (10th Cir.). The trial court's inquiry on the point is certainly limited, but reliance was placed on the indoctrination of appellant resulting from the Rule 20 procedures and waivers in this case, and in the several other cases under consideration. The record also shows that appellant volunteered the information to the officers on which the charges were based, consequently the charges could have been no surprise to him.

■ It appears that appellant was serving the term imposed in District Court Case No. 63–154 as that was the first five year sentence. The term in No. 63–175 was to follow as were others. Thus in this case (No. 8343) the appellant had not commenced the term he wishes to have set aside. A remedy under 28 U.S.C.A. § 2255 was not yet available, Heflin v. United States, 358 U.S. 415,

99 S.Ct. 451, 3 L.Ed.2d 407; Blair v. United States, 349 F.2d 405 (10th Cir.), nor was habeas corpus, McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. The only remedy available appears to have been in the nature of coram nobis which appellant expressly sought. A majority of the Supreme Court has held that a motion in the nature of coram nobis invokes the jurisdiction of the District Courts in the appropriate circumstances under the all-writs statute, 28 U.S.C.A. § 1651, despite Rule 60(b), Federal Rules of Civil Procedure. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Scarponi v. United States, 313 F.2d 950 (10th Cir.); Igo v. United States, 303 F.2d 317 (10th Cir.); Williams v. United States, 267 F.2d 559 (10th Cir.). The motion must be directed to errors of fact of the "most fundamental character" as to render the proceedings invalid, United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, or "under circumstances compelling such action to achieve justice." United States v. Morgan, supra; Adam v. United States, 274 F.2d 880 (10th Cir.); Alire v. United States, 339 F.2d 702 (10th Cir.).

The appellant in his petition or motion states, as above described, the only defect to be: " * * * the court accepted the plea of guilty without anyone reading the charge; without anyone stating the substance of the charge or the nature and cause of the accusation * * *" in violation of Rules 10 and 11 and the Sixth Amendment to the Constitution.

■ The record as described above clearly demonstrates on its face that appellant was not entitled to the extraordinary writ he sought. The record shows he did not bring the case within the standards set forth in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, or United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129. No compelling circumstances were shown to justify the use of the extraordinary writ. Alire v. United States, 339 F.2d 702 (10th Cir.).

■ Since a motion in the nature of coram nobis must be directed to matters of fact, the matter of a hearing on the petition necessarily arises. We hold that the issue as to whether a hearing should be held should be resolved in the same manner as it is for petitions under 28 U.S.C.A. § 2255. We recognize the express statutory provision in Section 2255 relating to hearings, but this does not prevent, but instead is an indication to lead us to apply the same standards for the motion of appellant before us.

■ The trial court held that the petition on its face demonstrated that appellant was entitled to no relief, and we agree. No hearing was necessary. The court in Moon v. United States, 106 U.S. App.D.C. 301, 272 F.2d 530, had before it a similar issue and reached the same conclusion.

*Case No. 8262.*

This case is the appeal from the Section 2255 proceeding directed to District Court Case No. 63–154 which, as described above, was a Dyer Act charge based upon the transportation of a car from South Carolina to Oklahoma. The appellant waived indictment and entered a plea of not guilty on August 23, 1963. The record shows that on this appearance with his attorney, the charges were read in full to appellant and he was advised of the maximum penalty. The appellant when then asked whether he understood the charges stated that he did. Further, as described above, appellant's attorney told the court he had "several opportunities to talk with appellant."

It was not until October 1963 that appellant appeared again in this case. He had made a series of appearances in other Dyer Act charges in the meantime. He was then mistakenly sentenced, later withdrew his not guilty plea, and was again sentenced. He was serving this sentence at the time his petition for relief was filed.

■ Appellant here complains that inquiry was not made by the trial court to determine whether he understood the charges, and was acting voluntarily. The proceedings which took place when the plea was changed do not contain an inquiry into these matters, however in view of the prior acknowledgment by appellant of his understanding of the charges after they were read to him, and considering the series of related charges, it would have served no purpose to again make inquiry into the matter.

The appellant relies strongly upon United States v. Lester, 247 F.2d 496 (2d Cir.); however it is not persuasive, although it does contain some language in which appellant finds comfort. The importance of the surrounding circumstances in the case before us, including the existence of and appearance in the other cases based upon the same statute, make the cited case inapplicable. The trial court had no reason, as perhaps it would in an isolated case, to make a second inquiry in the face of the voluntary disclosure by appellant of the offenses, the execution of waivers and consents to transfer, all with representation and consultation with an attorney.

■ There certainly is no separate standard under Rule 11 to be applied in so-called Rule 20 transfers. The duty of the trial court to satisfy himself in such cases is the same as in others. We say here only that considering the unusual circumstances here present, the record demonstrates that sufficient facts were otherwise before the trial court in the absence of a detailed inquiry on sentencing.

■ The appellant also urges that the trial court should have held a hearing in this Section 2255 proceeding. The trial court ruled that the petition and accompanying papers and records conclusively showed that appellant was entitled to no relief, and we agree.

The cases, Nos. 8262 and 8343, are each affirmed.