Berl Estes McDONALD, Appellant,

v.

UNITED STATES of America, Appellant.

No. 8420.

United States Court of Appeals
Tenth Circuit.

Feb. 10, 1966.

Rehearing Denied March 23, 1966.

B. F. Napheys, III, Denver, Colo., for appellant.

Benjamin E. Franklin, Topeka, Kan. (Newell A. George, Topeka, Kan., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PER CURIAM.

Pursuant to remand on the former appeal (McDonald v. United States, 10 Cir., 341 F.2d 378) the trial court conducted a full evidentiary hearing touching the petitioner's mental competency at the time of his guilty plea. The court found that at the time of his guilty plea he was mentally competent to and did consult with his appointed counsel; that he had a rational and factual understanding of the charges and the nature of the proceedings against him; that he was mentally capable of assisting his counsel and fully understood the effect of his guilty plea; that the plea was entered voluntarily without any coercion or persuasion by anyone; that at the time of his sentence more than a month later he was mentally competent and did consult with his appointed counsel; that at that time he had a rational understanding of the nature of the proceedings against him; and that he was well represented by competent counsel at all stages of the proceedings who gave him the best possible advice, but that the petitioner understandingly declined to follow or heed such advice.

The trial court granted leave to appeal in forma pauperis. Counsel was appointed here and the petitioner has again raised the question of his mental competency and the adequacy of the assistance of counsel. When, at the bar of the court, it was suggested that petitioner was not serving the sentence he had attacked both in the former appeal and on this appeal, permission was granted the Government to furnish formal proof of the fact and to move to dismiss the proceedings under Section 2255.

In the supplemental brief by able appointed counsel, it is conceded that he is not now serving the sentence he attacks, and that he cannot do so under 2255. But, petitioner does not concede that the proceedings should be dismissed. On the contrary, it is suggested that his original motion was "brought under Section 2255 U.S.C., or alternatively as an application for a writ of error coram nobis and also under Rule 32(d) F.R.Crim.P., and that he is entitled to have this appeal considered as a denial of a writ of coram nobis or for relief under Rule 32(d).

It is true that to the point of argument on appeal, the proceedings was treated as a motion for relief under 2255. And see McDonald v. United States, supra. And, there is, to be sure, both procedural and substantive differences in the offices which 2255 and coram nobis are intended to perform. We have recently considered the procedural differences in Abel v. Tinsley, 10 Cir., 338 F.2d 514; and Alire v. United States, 10 Cir., 339 F.2d 702, pointing out that procedurally coram nobis is a step in the criminal proceedings, while 2255 is a separate and independent action; and that substantively coram nobis is a form of extraordinary relief which survived 2255 to empower the court to correct fundamental errors of fact under compelling circumstances in order to achieve justice. And see also Scarponi v. United States, 10 Cir., 313 F.2d 950.

Recognizing the procedural and substantive distinction between the two forms of relief, we have held that within its allowable scope, coram nobis is available to test the validity of a sentence which the petitioner is not then serving. See Williams v. United States, 10 Cir., 267 F.2d 559. In a typically lucid opinion, Judge Brown, speaking for the Fifth Circuit, has disregarded procedural formalities to treat an inapposite 2255 motion "as one in the form of the ancient writ of error coram nobis"; and that, the writ of coram nobis is available to a petitioner contending that he was mentally incompetent to enter a guilty plea. See Johnson v. United States, 5 Cir., 344 F.2d 401, 410.

From this record it appears that the evidentiary hearing before the trial court as a 2255 proceedings touching the petitioner's mental competency was quite as complete and comprehensive as a proceedings for the extraordinary relief cognizable in a coram nobis proceedings.

**982**

We may, therefore, determine the petitioner's right to relief by whatever remedy may be suitable to his cause. I. e. see Scarponi v. United States, supra.

 From our examination of the record on appeal, we are convinced that the trial court's findings are well supported by the evidence and they are conclusively binding here. The judgment of the trial court is affirmed.