Bruce KAGEN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8554.

United States Court of Appeals Tenth Circuit.

April 19, 1966.

Roger R. Viets, Topeka, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

In an effort to attack his recent federal conviction of post office burglary, appellant filed a letter with the trial court seeking relief, "as a Motion to Vacate and/or Error Coram Nobis." The trial court considered the matter as a motion under 28 U.S.C. § 2255,[1] appointed counsel for petitioner, conducted an evidentiary hearing, made findings of fact and conclusions of law and denied the relief sought. This appeal followed.

While in state custody awaiting trial on a forgery charge in Johnson County, Kansas, appellant was interrogated by two federal postal officials and admitted implication in the burglary of the Glenpool, Oklahoma, Post Office on June 10, 1964. On July 8, 1964, which was the day after the confession, a federal detainer was filed with the Johnson County, Kansas officials following the filing of a complaint in the Northern District of Oklahoma.

Before further federal activity occurred appellant pled guilty on July 15, 1964, to the state charge of forgery and was sentenced to the state penitentiary for a period of not less than two nor more than ten years. The federal detainer was transferred to the state penitentiary.

On September 3, 1964, appellant was indicted by a grand jury in the Northern District of Oklahoma for the post office burglary offense. On September 14 he signed a consent to transfer the case under Rule 20 to the District of Kansas, stating he wished to enter a plea of guilty. The transfer was completed, counsel was appointed for appellant and at his arraignment on September 30, 1964, he was convicted based upon his plea of guilty.[2] On November 14, 1964, Kagen was sentenced to three years confinement, said sentence to run consecutive to the state court sentence he was then serving.

The court below determined that appellant is presently serving the state sentence. He has not begun to serve the federal sentence which he is

---

1. There is some confusion in the record in this regard. The order denying the relief sought recites it is a proceeding under 28 U.S.C. § 2255 and the trial judge in a notice to appellant stated it would be considered under 28 U.S.C. § 2255. However, at the hearing below the trial judge explained he would hear the case as an error in coram nobis.

2. The record reflects that before accepting the plea, the trial court explained the offense, the maximum sentence thereunder, and the effect of a guilty plea. In addition the following transpired:

"THE COURT: Has anyone told you that this Court would be lenient with you if you entered a plea of guilty?

"DEFENDANT KAGEN: No, sir.

"THE COURT: Has anyone told you that it would be easier, or have they coerced you into entering a plea of guilty?

"DEFENDANT KAGEN: No, sir."

seeking to attack and vacate. Therefore, it is clear that he may not avail himself of 28 U.S.C. § 2255 for that remedy is available only to attack a sentence under which a prisoner is then in custody. It cannot be employed to attack a sentence which is not being served. Johnson v. Taylor, 10th Cir., 347 F.2d 365; Williams v. United States, 10th Cir., 267 F.2d 559, cert. denied, 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106. Hence, if any relief is to be had, it must be by way of *coram nobis,* which appellant sought alternatively in his letter to the trial court. See United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; McDonald v. United States, 10th Cir., 356 F.2d 980, and cases cited therein; Johnson v. United States, 5th Cir., 344 F.2d 401; Igo v. United States, 10th Cir., 303 F.2d 317; Williams v. United States, supra. Treating the record then as presenting a motion for a writ of error coram nobis, we believe the trial court's jurisdiction was properly invoked. However, this extraordinary remedy should be allowed only when the circumstances compel such action to achieve justice. United States v. Morgan, supra. A careful review of the record leads us to conclude no injustice has occurred.

Appellant's main contentions are that he had no counsel during interrogation, that he was never taken before a United States Commissioner, that his confession was coerced, and in this regard, that his plea of guilty was involuntary for fear that his coerced confession would be used against him.

 The trial court expressly found that no promises or threats were made to induce the confession and further that Kagen, while represented by counsel, voluntarily and understandingly entered the plea of guilty. These findings are amply supported in the record. While appellant contends that he offered to confess and plead guilty providing his wife, who was facing a state forgery charge, was released and that he would not be tried as an habitual, he readily admits that the postal inspectors told him they could make no deal. Both postal inspectors and

Detective Lane of the Johnson County Sheriff's office testified at the hearing. All three stated that no promises or threats were made to Kagen. The postal inspectors testified that on each of the two occasions they questioned Kagen, advised him of his rights including his right to consult counsel or his friends, and that Kagen readily admitted implication in the post office burglary offense. Under the circumstances, we are satisfied that the confession was not coerced and that the plea of guilty was voluntary. Such a plea is a waiver of all non-jurisdictional defects of which appellant now complains. Rogers v. United States, 10th Cir., 350 F.2d 297; Mahler v. United States, 10th Cir., 333 F.2d 472, cert. denied, 379 U.S. 993, 85 S.Ct. 709, 13 L.Ed. 2d 613; Barnhart v. United States, 10th Cir., 270 F.2d 866.

Affirmed.