Alfonso Juan **ALIRE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 8696.

United States Court of Appeals Tenth Circuit.

Aug. 22, 1966.

Rehearing Denied Sept. 15, 1966.

See also 10 Cir., 313 F.2d 31; 10 Cir., 339 F.2d 702.

Richard T. Spriggs, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., was with him on the brief), for appellee.

John D. Ward, Denver, Colo., for appellant.

Before LEWIS and SETH, Circuit Judges, and LANGLEY, District Judge.

DAVID T. LEWIS, Circuit Judge.

This appeal follows denial of relief by the trial court of appellant's motion to vacate sentence under 28 U.S.C. § 2255. The appellate question is whether the court below erred in determining, after a full evidentiary hearing, that appellant had not been denied the effective assistance of counsel at his trial in violation of the Sixth Amendment. Such complications as the case may have flow from the testimony of trial counsel who, when called as a witness for appellant, stated that he now thought he had exercised faulty trial judgment and expressed the expert although qualified opinion that he had not been effective counsel.[1]

This is the second time that this court has had occasion to review the entire trial record premising appellant's conviction. See Alire v. United States, 313 F.2d 31, cert. denied, 373 U.S. 943, 83 S.Ct. 1554, 10 L.Ed.2d 699. We are thoroughly satisfied that appellant received a fair trial and was competently and effectively represented by trial counsel. And we note once more, as we have earlier, Alire v. United States, 339 F.2d 702, that appellant's dissatisfaction with his representation came only after such counsel was allowed to prosecute a vigorous and comprehensive appeal to this court.

We place no particular significance upon trial counsel's present view and testimony that he would adopt a different trial technique were he to try the case again. Such view merely reflects the natural subjective expectation of an unsuccessful advocate that improvement can be made the second time around. It is well within the trial court's discretion to accord such testimony minimal weight in determining whether counsel has been constitutionally effective in his representation.

Trial counsel's self-appraisal and denial of his own effectiveness requires little comment. Lack of experience is a factor that may contribute to ineffective representation but certainly does not dictate such result. And very often the consciousness of limited experience spurs counsel to extraordinary industry. This case is such an instance and reflects effective assistance of counsel far beyond the required standards as set forth in Henninger v. United States, 10 Cir., 350 F.2d 849, cert. denied, 382 U.S. 979, 86 S.Ct. 555, 15 L.Ed.2d 471, and many earlier cases.

Affirmed.

---

1. The record shows the following question and answer:

"Q. Now, as an attorney of law, could you express an opinion to the Court as to whether or not you believe Mr. Alire had effective counsel during the trial of this case?

A. I think he did not in the sense that I think counsel was too inexperienced to handle the case where a man could go to Leavenworth as a result of mistakes. I had practiced law for only four months prior to the time that I tried this case. I had been a counsel for the Real Estate Commission from March of 1960 until approximately June of 1961. And I don't believe that I would have wanted counsel of my limited experience myself—have counsel with no more than the experience that I had at that time, myself."