30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terrance Anthony JAMES, also known as Tony James, Defendant-Appellant.
 No. 93-7097.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Terrance Anthony James appeals an order of the United States District Court for the Eastern District of Oklahoma denying his motion to vacate sentence, filed pursuant to 28 U.S.C. 2255. We affirm.
 
 
 3
 Defendant was indicted, along with two co-defendants, Mark Berry and Dennis Brown, on four federal counts arising from the theft of arms from the National Guard Armory in Durant, Oklahoma. On January 20, 1983, defendant entered a plea of guilty to a single count of theft of government property. Pursuant to the terms of the plea agreement, the remaining three counts were dropped. On February 15, 1983, defendant was sentenced to five years' imprisonment.
 
 
 4
 Upon arrest, all three defendants gave statements admitting involvement in the theft. Berry's statement apparently admitted his own guilt and also implicated the other two defendants. On February 6, 1983, nine days before defendant's sentencing, Mark Berry was murdered by defendant and Brown in the jail shower, apparently because defendant thought Berry was a "snitch." Defendant was subsequently convicted of Berry's murder, and is currently incarcerated in state prison.
 
 
 5
 On March 3, 1992, defendant filed a motion pursuant to 2255 to vacate, set aside, or correct his federal sentence, alleging that (1) his attorney's joint representation of all three defendants deprived him of effective assistance of counsel, (2) his guilty plea was not competent or voluntary, and (3) he was not given a hearing or apprised of his rights pursuant to Fed.R.Crim.P. 44(c). The district court dismissed defendant's motion, adopting the findings of the magistrate judge that defendant was not entitled to habeas corpus relief. We affirm, albeit for slightly different reasons than those relied on by the magistrate judge. See Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988)(appellate court can affirm on any grounds that find support in the record).
 
 
 6
 Defendant's five-year federal sentence for theft of government property was completed on January 6, 1988. Therefore, it is clear that defendant is no longer in federal custody pursuant to the sentence he is now challenging. Consequently, the question arises as to whether the district court had subject matter jurisdiction to consider the merits of his 2255 motion. While it is apparent that the district court did not address this issue below, this court can raise the issue of subject matter jurisdiction on its own motion at any time. See Fed.R.Civ.P. 12(h)(3); Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989); United States v. Siviglia, 686 F.2d 832, 834-35 (10th Cir.1981), cert. denied, 461 U.S. 918 (1983).
 
 
 7
 A collateral challenge under 2255 is available only to attack a federal sentence under which the defendant is in custody at the time he files the petition.[2] Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Igo v. United States, 303 F.2d 317, 318 (10th Cir.1962). The Supreme Court has read the "in custody" requirement to allow a prisoner to seek habeas corpus relief from a future consecutive incarceration, Peyton v. Rowe, 391 U.S. 54, 64-65 (1968), and has allowed a habeas corpus petition to go forward if petitioner was in custody when the petition was filed even though he has since been released, Carafas v. LaVallee, 391 U.S. 234, 238 (1968).[3] However, the language of the statute does not permit a construction allowing prisoners to use habeas corpus to challenge a past, completed confinement. See Maleng v. Cook, 490 U.S. at 491. Therefore, because defendant's federal sentence expired in 1988, and he is no longer subject to any federal constraint, we conclude that the district court was without jurisdiction to decide his 2255 motion.
 
 
 8
 This does not end our review, however. Subsequent to defendant filing his 2255 motion, he filed a pleading titled "Motion to Amend Style of Action," in which he admitted the jurisdictional infirmity of his 2255 motion and requested that his action be changed to a petition for writ of error coram nobis. R. Vol. 1, tab 16. In its reply, the government incorrectly characterized the jurisdictional problem as a "technical defense," not raised by the government, and therefore, not requiring an amendment to defendant's motion. Id. tab 18.
 
 
 9
 The district court did not rule on defendant's motion to amend. The court adopted the magistrate judge's findings and recommendations, which included the finding that defendant had failed "to address the issue of whether Title 28 U.S.C. 2255 relief is available to one who is not actually in custody for the sentence which he seeks to set aside." Id. tab 30. Therefore, because we determine that, in an attempt to rescue his claim from jurisdictional oblivion, defendant sought alternate relief, we treat the record as presenting a petition for a writ of error coram nobis, and conclude the district court's jurisdiction was properly invoked. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(holding that pro se litigants are entitled to liberal construction of pleadings).
 
 
 10
 Unfortunately, this judicial indulgence does not help defendant here. Although a writ of error coram nobis is available regardless of whether defendant was in custody on the challenged sentence at the time he initiated his 2255 proceeding, Igo v. United States, 303 F.2d at 318, we apply a much higher standard. The writ is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice, United States v. Williamson, 806 F.2d 216, 222 (10th Cir.1986). Such is not the case here.
 
 
 11
 Defendant contends that his counsel's joint representation of the defendants created a conflict of interest. His argument is predicated on his allegation that he was unaware that Berry had implicated defendant and Brown in his statement to law enforcement officers when he was arrested. Defendant claims he had no knowledge of the content of Berry's statement until he read this court's decision in Berry v. City of Muskogee, 900 F.2d 1489 (10th Cir.1990)[4]. Defendant asserts that the statements made by Berry prevented counsel from correctly advising defendant regarding his guilty plea. In addition, defendant claims that the conflict of interest rendered his guilty plea unknowing and involuntary, and he should have been afforded a hearing pursuant to Fed.R.Crim.P. 44(c).[5]
 
 
 12
 The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel free from conflicts of interest. United States v. Burney, 756 F.2d 787, 790 (10th Cir.1985). Joint representation of defendants, although not a Sixth Amendment violation per se, presents the potential for conflicts of interest. Id. However, the court is not required to conduct a Rule 44(c) inquiry unless either party objects to the joint representation, or an actual conflict is brought to the attention of the court. Id. at 791; see also United States v. Martin, 965 F.2d 839, 843 (10th Cir.1992)(to be reversible error, a trial court's failure to comply with Rule 44(c) must translate into an actual denial of defendant's Sixth Amendment right to effective assistance of counsel).
 
 
 13
 Pursuant to Fed.R.Crim.P. 11, defendant was thoroughly questioned by the court at the time he entered his guilty plea, and he expressed satisfaction with the services of his counsel. R. Vol. II at 17. In providing a factual basis for his plea, he admitted that on December 12, 1982, he stole guns belonging to the United States government from the armory in Durant, Oklahoma. Id. at 19. Defendant was present while the court questioned Berry regarding the factual basis for his guilty plea. At that time, defendant heard Berry admit that he drove the other two defendants to the armory and that he knew they intended to steal the guns. In light of Berry's statements during the plea hearing, we fail to see how defendant can now disavow knowledge of Berry's statements implicating defendant. Further eroding defendant's credibility, witnesses at defendant's state murder trial testified that defendant was aware that Berry had implicated him in the crime, and in fact, that defendant had murdered Berry because he was a "snitch." R. Vol. I, tab 27, ex. "D" at 772; ex. "E" at 824-26; ex. "F" at 882.
 
 
 14
 Counsel for defendants, Weldon Stout, stated in an affidavit that the defendants had all admitted their involvement in the theft and that defendant and co-defendant Brown were both aware that Berry had implicated them in his statement. Id., tab 27, ex. A. In addition, counsel asserts, and defendant admits, that the court and the defendants were informed of the possibility of conflict arising from the joint representation at the defendants' arraignment on January 11, 1993. Id.; Appellant's Reply Br. at 2. The court noted the possibility and stated that if a conflict should arise, the court clerk should be informed in order to facilitate the appointment of other counsel. R. Vol. I, tab 27, ex. A.
 
 
 15
 Defendant here has failed to show that counsel represented conflicting interests. There is no indication that an actual conflict was ever brought to the court's attention, that either co-defendant attempted to exculpate himself at the expense of inculpating defendant, or that defendant could have proved his own innocence by proving a co-defendant's guilt. See United States v. Burney, 756 F.2d at 792.
 
 
 16
 In Cuyler v. Sullivan, 446 U.S. 335, 350 (1980), the Supreme Court stated that the defendant must demonstrate an actual, rather than a hypothetical, conflict of interest. Here, we cannot ascertain what counsel might have done differently if only representing one of the defendants, nor is it clear what different or additional options defendant would have had if he had been counsel's sole client.
 
 
 17
 The writ of error coram nobis is available "only under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511 (1954). In light of the circumstances in this case, we determine that defendant was not subjected to a miscarriage of justice warranting this extraordinary relief. See United States v. Williamson, 806 F.2d at 222 (writ of error coram nobis not allowed absent showing of complete miscarriage of justice and serious fundamental violations of defendant's constitutional rights).
 
 
 18
 Therefore, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Title 28 U.S.C. 2255 states in part:
 A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
 
 
 [3]
 This court has held that the principles announced in Carafas for habeas corpus proceedings under 2254 are equally applicable to motions under 2255. Sciberras v. United States, 404 F.2d 247, 249 (10th Cir.1968)
 
 
 [4]
 Berry v. City of Muskogee is this court's decision in the appeal of Berry's widow's civil rights action arising from Berry's death while in jail. The opinion states that Berry had implicated the other two defendants in the theft from the armory. 900 F.2d at 1496-97
 
 
 [5]
 Rule 44(c) states in pertinent part:
 Whenever two or more defendants have been jointly charged pursuant to Rule 8(b) or have been joined for trial pursuant to Rule 13, and are represented by the same retained or assigned counsel or by retained or assigned counsel who are associated in the practice of law, the court shall promptly inquire with respect to such joint representation and shall personally advise each defendant of the right to the effective assistance of counsel, including separate representation.