Oran Murray YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6708.

United States Court of Appeals
Tenth Circuit.

Sept. 2, 1961.

William Cook, Kansas City, Kan., for appellant.

George T. Van Bebber, Asst. U. S. Atty., Kansas City, Kan. (Newell A. George, U. S. Atty., Kansas City, Kan., on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order of the District Court for the District of Kansas denying relief sought under 28 U.S.C.A. § 2255. Appellant is presently confined in the United States Penitentiary at Leavenworth by authority of sentences imposed after the entry of pleas of guilty to two separate offenses charged under the Federal Bank Robbery Act, 18 U.S. C.A. § 2113. Appellant asserts that he has been denied due process because the offenses charged in the two informations were capital offenses which could only be prosecuted by indictment under the compulsion of the Fifth Amendment and Rule 7(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. We find no merit to the contention that appellant was charged with a capital offense and consequently find no error in the trial court's order.

After waiving grand jury indictments appellant pleaded guilty to two informations charging that he

"did wilfully, unlawfully and feloniously enter the First State Bank of Arma, Arma, Kansas, a bank the deposits of which were at the time insured by the Federal Deposit Insurance Corporation, with intent then while in said bank and therein to commit a felony affecting said bank, a larceny, that is to say, to take and carry away, with intent to steal, property or money belonging to or in the care, custody, control, management or possession of said First State Bank of Arma, Arma, Kansas, in violation of Section 2113(a), U.S. C.A., Title 18."

and that he

"did wilfully, knowingly, unlawfully, feloniously and forcibly enter the Hume Banking Company of Hume, Missouri, a bank the deposits of

which were at the time insured by the Federal Deposit Insurance Corporation, with the intent then, while in said bank and therein, to commit a felony affecting said bank, a larceny, and did steal and carry away moneys in the amount of approximately $5,000.00 belonging to, and which was in the custody, control, management, or possession of said Hume Banking Company of Hume, Missouri, in violation of Section 2113, Title 18, United States Code."

Section 2113 is an aggregation of common law crimes prohibited by a single statute[1] none of which is punishable by death unless containing the elements of homicide or kidnaping.[2] Accusations made under the statute require some detail of alleged facts in order to meet the requirements of the Sixth Amendment that the accused shall "be informed of the nature and cause of the accusation." That requirement was met by the informations here filed. The Kansas violation as charged is specific in limiting the crime to one under Sec. 2113(a), a noncapital offense. The theft at Hume is alleged in terms claiming no circumstances or fact upon which the necessary elements of kidnaping or homicide could be proved to bring the offense within the provision of Sec. 2113(e). It is only in those cases where the offense as charged may support a capital verdict that an indictment is required to satisfy due process. Such was Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041, the Supreme Court holding that where the information contained no allegation to the effect that the victim of kidnaping had been released unharmed, the information must be dismissed since capital punishment may be exacted if the kidnaped person has not been liberated

without harm, 18 U.S.C.A. § 1201. The Court stated the rule to be:

" * * * when the offense as charged is sufficiently broad to justify a capital verdict, the trial must proceed on that basis, even though the evidence later establishes that such a verdict cannot be sustained because the victim was released unharmed. It is neither procedurally correct nor practical to await the conclusion of the evidence to determine whether the accused is being prosecuted for a capital offense. For the trial judge must make informed decisions prior to trial which will depend on whether the offense may be so punished. * * * " 360 U.S. 1, 8, 79 S.Ct. 991, 996.

The informations here would not support a capital verdict. Because of the nature of the bank robbery statute, lower courts have in the past imposed multiple sentences for its violation where the elements of more than one common law crime were proved. The Supreme Court has disapproved and vacated pyramiding sentences where separate sentences were imposed on counts of entering a bank with intent to commit a felony and also the robbery itself, Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370; and where separate sentences were imposed upon the robbery and incidentally jeopardizing the lives of bank officials, Holiday v. Johnson, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670. The holdings of these cases have encouraged appellant in the belief that only a single crime is stated in Section 2113. From this premise, he advances the theory that the entire statute is necessarily a part of any charge made under it and concludes that

---

1. "That statute creates and defines several crimes incidental to and relating to thefts from banks * * *." Prince v. United States, 352 U.S. 322, at page 323, 77 S. Ct. 403, at page 404, 1 L.Ed.2d 370.

2. Sec. 2113(e) provides:
   "Whoever, in committing any offense defined in this section, or in avoiding or

attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct."

since the death penalty may be exacted for the aggravated crime described in paragraph (e), any accusation brought under the bank robbery statute must be brought by grand jury indictment.

Such a syllogism is not justified by the history of the statute, see Purdom v. United States, 10 Cir., 249 F.2d 822, by the wording of the statute, nor by the decisions holding that Congress did not intend to permit sentences to be imposed upon counts stating alternative means of committing a single offense or delineating several steps toward the completion of a single offense. In order to obtain a conviction for the aggravated offense, such a crime must be alleged in the indictment or information, Meyers v. United States, 5 Cir., 116 F.2d 601. The accusations made against appellant did not subject him to the potential of capital punishment and the acceptance of his waiver of indictment did not deny due process.

Other contentions made by appellant have many times been considered by this Court and found to be without merit.

Affirmed.