William Wash McGEHEE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6725.

United States Court of Appeals Tenth Circuit.

Sept. 2, 1961.

No appearance for appellant.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Edwin Langley, U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is a proceeding under 28 U.S.C.A. § 2255 in which appellant sought to have sentences imposed after conviction upon informations for offenses arising under the Bank Robbery Act, 18 U.S.C.A. § 2113, set aside as denying him due process under the Fifth Amendment. Relief

was denied by the trial court. The sole contention made is that the provisions of 18 U.S.C.A. § 2113 constitute but a single offense and that since Sec. 2113(e) carries the potential of a death sentence all accusations under the Act must be initiated by indictment. Rule 7(a), Federal Rules of Criminal Procedure, 18 U.S. C.A.

Appellant was specifically charged under Sec. 2113(a), (b), and (d). He waived indictment in open court, pleaded guilty to the charges relating to Sec. 2113 (a) and (b) and the charge under Sec. 2113(d) was dismissed.

In Young v. United States, 10 Cir., 1961, 294 F.2d 517, we held that Sec. 2113 was an aggregation of separate offenses, each subject to prosecution by information unless containing the elements set forth in Sec. 2113(e). Appellant was not charged under (e) and was not denied due process.

Affirmed.