**Robert B. BARRETT, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

**No. 19191.**

United States Court of Appeals
Fifth Circuit.

April 25, 1962.

Rehearing Denied June 15, 1962.

Robert B. Barrett, #74496–L, for appellant.

Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, CAMERON and GEWIN, Circuit Judges.

PER CURIAM.

The defendant filed petition to vacate sentence pursuant to Title 28 U.S.C. § 2255 and the same was denied by the trial court. The appellant claimed in his petition that his constitutional rights

were denied him because: (a) he was prosecuted for a capital offense upon a criminal information and not an indictment; (b) that waiver of indictment and venue were not binding upon him and did not confer power on the district court to hear his case; (c) that he was not properly represented by counsel when indictment and venue were waived; and (d) that he should have been permitted to be present at the hearing upon his petition.

United States District Court for the Southern District of Georgia, Brunswick Division, denied the petition because the court found that the petition, records and files in the case disclosed that the petitioner was not entitled to the relief sought. The defendant was not present at the hearing.

Appellant was charged in a criminal information with violation of 18 U.S.C. § 2113(a), (b), (c) and (d); and 18 U.S.C. § 371, conspiracy to violate (a), (b), (c) and (d). The record conclusively shows that the appellant was represented by counsel, although he stated that he did not desire counsel; and his plea of guilty was entered by his court appointed counsel after consultation. The record further shows that he waived indictment and venue in writing and requested in writing that the prosecution proceed in the Brunswick rather than the Savannah Division of the court where the crime was committed. He was not charged with a capital offense under subsection (e) of the above mentioned sections and no capital crime was involved in the prosecution.

 Waiver of indictment is authorized under Federal Rules of Criminal Procedure, rule 7(b), 18 U.S.C. Rule 19 of Federal Rules of Criminal Procedure authorizes the disposition of criminal cases in any division of the district with the consent of the defendant. It is not necessary in every case to have a full hearing with the defendant present on a motion or petition to vacate sentence. The record conclusively showed that the defendant's contentions are groundless. Section 2113 is an aggregation of separate offenses, subject to prosecution by information unless containing the elements set forth in § 2113(e). McGehee v. United States, 10 Cir., 295 F.2d 430 (1961); Young v. United States, 10 Cir., 294 F.2d 517 (1961). 28 U.S.C. § 2255, provides the Court shall conduct a hearing on a motion to vacate sentence, unless the motion, the files and records of the case conclusively show that the prisoner is entitled to no relief. Aeby v. United States (C.A.Tex.) 267 F.2d 540. Defendant's plea was entered under subsections (a) and (b) only, and the remaining charges were dismissed.

Judgment is affirmed.