**Donald Richard SANDERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**
**No. 7055.**

United States Court of Appeals
Tenth Circuit.

Sept. 24, 1962.

William C. Page, Oklahoma City, Okl., for appellant.

Robert N. Chaffin, U. S. Atty., and Leroy V. Amen, Asst. U. S. Atty., for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PER CURIAM.

Sanders entered a plea of guilty to an information, which charged that on or about February 12, 1962, he did transport in interstate commerce from Indianapolis, Indiana, to Cheyenne, in the District of Wyoming, a 1956 Cadillac automobile, knowing the same to have been stolen, and was sentenced to the custody of the Attorney General for imprisonment for a period of three and one-half years. He has appealed.

The waiver of indictment, arraignment and sentencing proceedings manifest these facts:

On the morning of March 8, 1962, Sanders appeared in open court. After he was fully advised of the nature of the charge and of his rights, he executed a written waiver of prosecution by indictment and consent to be charged by information. The information was then filed. The court then asked Sanders whether he had an attorney. Sanders answered in the negative. The court then advised Sanders that the Constitution of the United States guaranteed him the right of counsel and if he did not have an attorney or money to employ an attorney, it was the duty of the court to appoint an attorney to represent him. In answer to the court's inquiry, Sanders requested that an attorney be appointed. The court then appointed James Applegate, a duly licensed and qualified member of the Wyoming Bar, to represent Sanders.

Sanders consulted with his appointed counsel and later in the day, Sanders, together with his counsel, again appeared in open court. The court inquired of Applegate whether he approved of the action of Sanders in waiving indictment and consenting to be charged by infor-

mation. Applegate replied that he approved. Sanders had been furnished with a copy of the information and had read it. He stated that he fully understood the nature of the charge and was ready to plead. Thereupon, Sanders pleaded guilty to the charge.

The matter was then referred to the Probation Officer for presentence investigation. On March 30, 1962, Sanders again appeared in open court, accompanied by his counsel, for the purpose of being sentenced. The court inquired of Sanders whether he had anything to say. Sanders replied in the affirmative and the court said, "I will be glad to hear you." The presentence report indicated that Sanders came to Cheyenne for the purpose of marrying a woman who had three children; that he had been promised a job, and that he intended to marry her and support her and the three children. Sanders stated that he assumed the court knew why he left Indiana and came to Cheyenne. He freely admitted that he stole the car and should be punished, but he made a plea for probation, in order that he might take the job, marry the woman and support her and her children. Counsel for Sanders then made an extended plea to the court in support of Sander's request for probation. The court stated that if he thought Sanders would get a job and go to work, he would place him on probation, but because of his previous record he did not think Sanders would do so. The court recited that Sanders was 33 years of age; that he had spent 11 of the last 13 years in prison; that his criminal record started 20 years back; that he had been paroled many times and had failed to keep his parole. Sentence was then imposed.

On April 4, 1962, Sanders filed a notice of intent to appeal and an application to prosecute his appeal in forma pauperis. The trial court denied the application on the ground that the appeal was not taken in good faith, reciting what occurred at the waiver of indictment, arraignment and sentencing proceedings.

On May 25, 1962, Sanders filed an application in this court for leave to prose-

cute an appeal in forma pauperis from the order of the District Court denying him leave to appeal from the judgment and sentence in forma pauperis.

On the same date, this court entered its order granting Sanders leave to proceed in forma pauperis and directing the Clerk of the District Court to forward to this court the original files in the cause. This court then appointed counsel to represent Sanders on the appeal and furnished counsel with the original files, which had been forwarded to this court.

In his application filed in this court, as grounds for his appeal, Sanders stated that he did not consent to be tried in the United States District Court for the District of Wyoming, as required by Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.; that he had been denied the right to trial in the District wherein the crime had been committed, in violation of Article VI of the United States Constitution; and that the United States District Court for the District of Wyoming was without jurisdiction to impose a sentence. The United States filed a brief, but waived oral argument. The matter came on for hearing before this court. Counsel appointed for Sanders appeared and frankly stated that upon examination of the record, he could find no grounds whatever for reversal of the judgment.

Jurisdiction of the United States District Court for the District of Wyoming was not predicated on a transfer under Rule 20. The unlawful transportation in interstate commerce was into the District of Wyoming and under 18 U.S.C.A. § 3237 the United States District Court for that District had jurisdiction of the offense. The alleged error upon which Sanders relies is wholly lacking in substance. A careful examination of the record, of the waiver of the indictment, and of the arraignment and sentencing proceedings shows that such proceedings were wholly free from error.

Accordingly, we conclude that the appeal is so lacking in merit that the court would dismiss the case on motion of the Government, "had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements." (See Coppedge v. United States, 369 U.S. 438, 448, 82 S.Ct. 917, 922, 8 L.Ed.2d 21.)

The order of the District Court denying Sanders leave to appeal in forma pauperis is affirmed.