**Edward Earl BROOKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7094.**

United States Court of Appeals
Tenth Circuit.

Oct. 3, 1962.

Ted J. Davis, of Fuller, Smith, Mosburg & Davis, Oklahoma City, Okl., for appellant.

Robert L. Berry, Asst. U. S. Atty., Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Brooks, was convicted on an information which charged him with knowingly persuading, seducing and enticing his wife, a girl under 17 years of age, to travel in interstate commerce with intent to induce her to engage in prostitution, debauchery, and other immoral practices, in violation of Title 18 U.S.C. § 2423. This is an appeal from a judgment and sentence entered upon the jury's verdict of guilty.

The victim, who was called as a witness for the prosecution, demonstrated a reluctance to testify. The court determined that she was a recalcitrant and hostile witness, and permitted the prosecution to question her as to prior testimony given at a preliminary hearing before the United States Commissioner. The witness admitted that there were conflicts between the testimony which she gave at the trial and that which she gave at the preliminary hearing. She undertook to explain some of the discrepancies, and said she did not remember making other inconsistent statements. At the conclusion of the witness's testimony, the court permitted

the prosecution to read a transcript of her entire former testimony. No objection was made to the reading of the transcript, but the court was requested to instruct the jury that this evidence could be considered by the jury only for the purpose of impeaching the witness and was "not to be used as substantive evidence in the trial at bar." In response to the request, the court stated that "the testimony was read not for the purpose of impeachment, but for the purpose of getting before the jury the truth as best the prosecution knows how to do it." The effect of this statement was that the jury was advised that former testimony could be considered as substantive evidence of the offense charged. The principal ground for reversal here is that the court committed prejudicial error in not limiting the purpose of the witness's prior testimony to that of impeachment.

■■■ As a general proposition, the testimony of a witness, after a proper foundation has been laid, may be impeached by showing former declarations, statements, or testimony which are contradictory or inconsistent with the answers given at a trial. The purpose of the impeachment is to discredit the witness, not to establish the existence of the fact in dispute. There is little conflict in the rule that prior statements of a witness who is not a party to an action, and whose statements are not binding as admissions, are admissible only to impeach or discredit the witness, and are not competent substantive evidence of the facts to which the former statements relate. This rule applies in instances when the court, in its discretion, permits a party to impeach its own witness who is shown to be recalcitrant and hostile. In Tripp v. United States, 10 Cir., 295 F.2d 418, 424–425, in referring to the purpose of admitting prior contradictory statements of witnesses, this court said:

"* * * it is well settled that contradictory statements introduced for the purpose of impeachment are not admissible as substantive evidence. Counsel for the Government

undertake to justify the admission of the statements of Lauderdale and Goforth as substantive evidence by the application, through analogy, of the rule that when a witness called by a party becomes recalcitrant, the party may, with the consent of the trial judge, granted in the exercise of his discretion, be permitted to cross-examine the witness and inquire whether he had not at other times made statements contradictory of the evidence he had given at the trial. That rule is well established. But such contradictory statements do not become substantive evidence unless the witness recants his earlier testimony and admits or states that such statements correctly reflect the true facts. The effect of so doing is to make the statements a part of the witness's present testimony." (Footnotes omitted).

See also United States v. Bernard, 7 Cir., 287 F.2d 715, cert. denied 366 U.S. 961, 81 S.Ct. 1921, 6 L.Ed.2d 1253; United States v. Rainwater, 8 Cir., 283 F.2d 386; Valentine v. United States, 5 Cir., 272 F.2d 777; Ellis v. United States, 8 Cir., 138 F.2d 612.

■■ In laying the foundation for the admission of prior inconsistent statements of a witness, it is necessary that the prior statements be called to his attention, and that he be given an opportunity to admit, deny, or explain them. Only those portions of the prior statements which tend to contradict the testimony given at the trial are admissible. Chicago, M. & St. P. Ry. Co. v. Harrelson, 8 Cir., 14 F.2d 893; 58 Am.Jur. Witnesses § 781 (1948). If the witness admits that the former contradictory statements were made no further proof is necessary. Ditrich v. United States, 10 Cir., 243 F.2d 729. When the testimony of a witness during trial has been impeached by showing previous contradictory statements the jury is free to accept or reject the trial testimony. It is quite obvious in the present case that the witness's prior testimony was read

to the jury, not for the purpose of impeachment, but as substantive evidence, in the same manner as a deposition might be read. We think this was plain error.

 The prosecution urges that, if the reading of the former testimony and the refusal of the court to instruct the jury that it could be used only for impeachment purposes were erroneous, it was not prejudicial. It is said that there was ample evidence to sustain the verdict in addition to that contained in the prior testimony. This may be true, but that is not the test under Rule 52(a), Fed.R. Crim.P. In Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 90 L.Ed. 1557, the Supreme Court, noting that the question of prejudice cannot be considered on appeal without taking into account the outcome of the trial, said:

"In criminal causes that outcome is conviction. This is different, or may be, from guilt in fact. It is guilt in law, established by the judgment of laymen. And the question is, not were they right in their judgment, regardless of the error or its effect upon the verdict. It is rather what effect the error had or reasonably may be taken to have had upon the jury's decision. The crucial thing is the impact of the thing done wrong on the minds of other men, not on one's own, in the total setting.
* * *

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, * * *. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error.

It is rather, even so, whether the error itself had substantial influence. If so, or if one is left in grave doubt, the conviction cannot stand."

The essence of the defense in the case at bar was that the dominant purpose of the transportation of the victim, by the defendant, was not for prostitution but to visit relatives of the victim in Missouri, and the trip was continued from Missouri to Oklahoma City because of her ill health. The general tenor of the former testimony tended to establish the inveterate immorality of the defendant and his desire to have his wife enter into a life of prostitution, from which it could be inferred that the dominant purpose of the transportation was to persuade his wife to engage in prostitution in Oklahoma. We are unable to say, even though there was other evidence sufficient to sustain conviction of the defendant, that the erroneous introduction of the prior testimony of the victim did not have substantial influence on the verdict of the jury.

 We find no merit in the defendant's further contention that, excluding the testimony of the victim given at the preliminary hearing, there is insufficient evidence to sustain the verdict, and that the case should be dismissed. There is evidence that, a short time prior to the trip which ended in Oklahoma City, the defendant, while living in a hotel room in Denver, Colorado with his wife, took her to the room of another man and left her there when she was almost in the nude. Immediately after arriving in Oklahoma City the defendant began looking for men to engage in immoral relations with his wife for pay. The intent, purpose and motive of the accused in transporting the witness may be established by circumstantial evidence. The conduct of the parties within a reasonable time before and after the trip are circumstances which a jury may consider in determining such intent, motive or purpose. Dunn v. United States, 10 Cir., 190 F.2d 496.

Reversed and remanded for a new trial.