**Edward Earl BROOKS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8236.**

United States Court of Appeals Tenth Circuit.

Oct. 8, 1965.

William J. Carney, Jr., Denver, Colo., for appellant.

John E. Green, Oklahoma City, Okl. (B. Andrew Potter, U. S. Atty., and Robert L. Berry, Asst. U. S. Atty., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

This is an appeal from a denial of appellant's motion to vacate sentence filed pursuant to 28 U.S.C.A. § 2255.

The record shows that the appellant was originally tried and found guilty in 1962. On appeal to this court his conviction was reversed, and the case was remanded for a new trial. Brooks v. United States, 10 Cir., 309 F.2d 580. The appellant was thereafter tried a second time on the same information, found guilty and sentenced to the term he is now serving.

The appellant in this motion under § 2255 urges that his constitutional rights were violated by being tried on the information a second time without obtaining from him a second waiver of indictment. The effectiveness of the waiver of indictment for the first trial is not in issue.

The reversal of appellant's first conviction was by reason of the admission during the course of the trial of prior inconsistent or contradictory statements of witness without instruction by the

court that such testimony should be considered only for the purpose of impeachment and not to establish the facts related in such testimony. See Brooks v. United States, supra.

The appellant in his brief discusses the history of the grand jury, the constitutional right not to have to answer for an infamous crime unless on indictment, and the cases related to waiver of such right. There is no question but what the constitutional right to indictment as contained in the Fifth Amendment is a fundamental right as he asserts, and there is also no question at the present time but what the right may be waived. Yates v. United States, 316 F.2d 718 (10th Cir.); Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. The record shows that the appellant did so waive such right prior to his first trial. We have discussed the standards for waiver in several cases including Sanders v. United States, 309 F.2d 17 (10th Cir.); however, the issue before us concerns a somewhat different question than the adequacy of a particular waiver. The issue is whether or not a waiver of indictment once made during the course of the prosecution and which is effective as to the first trial is also effective as to a second trial upon the same information. No cases directly in point have been cited by the parties, and we find none.

When the first trial of appellant was had, all the procedural steps preliminary to trial had been completed. The error was as to a matter during the course of the trial, one of evidence, and did not concern any separate prior event. The fact that a new trial was necessary did not vitiate any of the steps antecedent to trial. There were no changes in the charges or the information for the second trial and the new proceedings commenced with the opening of the trial and not before.

Errors occur during the course of a prosecution which may affect subsequent proceedings as where the constitutional rights of an accused have not been adequately protected. The effect of such failure on the later proceedings is obvious, but from this it cannot be argued that the reverse is true.

The appellant urges that there is substantial authority holding that a witness' waiver of his right to be protected against self-incrimination, which is also a fundamental right under the Fifth Amendment, applies only to the particular proceeding or trial in which it is made. Citing In re Neff, 206 F.2d 149, 36 A.L.R.2d 1398 (3d Cir.), United States v. Steffen, 103 F.Supp. 415 (N.D. Calif.) and others, he urges that the same limitation should be applied to waivers of indictment pointing out that they arise under the same amendment. It is apparent that as to the testimony of a witness, different conditions and circumstances are present at each proceeding where he testifies, and different questions may be asked of him at any subsequent appearance. The exposure of a witness to possible self-incrimination depends entirely upon the particular circumstances.

In the case at bar the appellant agreed initially to go to trial upon the information, entered a plea, and in so doing voluntarily moved himself procedurally beyond all steps in the prosecution preliminary to an actual trial. There is no error or violation of rights asserted as to anything that took place prior to such time and since the steps were properly completed there is no reason because of any trial error to reopen them. Appellant, prior to the second trial, made no request to withdraw the waiver of his right to insist upon an indictment. Trial errors do not have retroactive effect on appellant's waiver made during the preliminary proceedings, there being no change whatever in the charge at the second trial or other change in the circumstances surrounding the second trial. The steps in the prosecution prior to trial should be afforded some measure of finality when properly conducted.

Affirmed.