Oran YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8103.

United States Court of Appeals Tenth Circuit.

Dec. 14, 1965.

Samuel D. Menin, Denver, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan. (Newell A. George, Kansas City, Kan., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is petitioner's fourth successive attack under Section 2255 on two consecutive sentences, imposed by the Kansas District Court for entering two separate banks, one in Kansas and one in Missouri, for the purpose of committing a felony, in violation of 18 U.S.C. § 2113. See 294 F.2d 517; 309 F.2d 749; 329 F.2d 316.

This attack challenges, for the first time, jurisdiction of the court to impose the sentence for the Kansas offense, because the waiver of grand jury indictment and consent to prosecution by information under Rule 7(b) F.R.Cr.P. was executed by the petitioner before the information was filed. The attack on the sentence for the Missouri offense is based upon the contention that the waiver of indictment and consent to the transfer under Rule 20 was executed before an information was filed in the Western District of Missouri, where the alleged offense was committed. The petitioner also challenges the jurisdiction of the court on the grounds that it accepted the pleas of guilty without first determining whether they were voluntarily entered.

Upon consideration of these contentions, after careful hearing, the trial court denied relief and we affirm the judgment.

The pertinent facts of record are that petitioner and his brother and two other defendants, who were also brothers, were arrested in Kansas and brought before the Commissioner on complaint for the Kansas violation. When the parties were first brought into court, the District Attorney announced that none of them had been indicted by a grand jury. He then proceeded to state the proposed charge for the Kansas violation, and further stated that he had prepared a separate information on each of the parties, but didn't know how they wished to plead. The court then ascertained that the petitioner and his brother were represented by two lawyers, but that the

other two brothers were not represented. Counsel was appointed and afforded an opportunity to confer with his clients.

Counsel for the petitioner then stated "we are prepared to waive and enter pleas." The court then suggested that the District Attorney again advise the defendants "as to the nature of the charge you propose to place against them for the record." The District Attorney proceeded to state in detail the nature of the charge for the Kansas violation. The court then addressed the defendants, stating that now that they had heard the District Attorney state the nature of the charge, the government proposed to place against them, it was his duty to advise them fully of their constitutional right to be indicted by a grand jury; that they had a right to await the action of the next grand jury, or that they may waive indictment and consent to be prosecuted immediately by filing of an information, in which event the information would take the place of an indictment and form the charge or accusation against each of them. They were told that in any event, they were entitled to a jury trial on their guilt or innocence of the proposed charge. Each of the persons, including the petitioner, was asked "What is your desire?" Each of them answered "I waive indictment." The District Attorney stated that if they desired to waive the indictment, they should sign the submitted written waiver, and each of them and their attorneys did, in open court, sign written waivers. After each signed a waiver, the District Attorney announced in open court as to this petitioner (as he did to each of the other defendants) "Let the record further show that on Oran Murray Young I file the original copy of the waiver of indictment together with the information and give the defendant a copy of the information as filed."

The court then inquired of the defendants if they were ready for arraignment. Each, through his attorney, answered in the affirmative. The District Attorney proceeded to read the information in open court against each of the defendants. After the District Attorney read the information charging this petitioner, he was asked by the court "How do you plead?", and he answered for himself, "guilty." The court then received the plea as to each of the defendants and continued the case for pre-sentence investigation.

Twenty days later, all of the defendants were brought into court, represented by counsel. The court announced that each of the defendants had previously entered his plea of guilty to the one-count information and that "he is here this morning for sentencing." When the District Attorney was asked to make a statement, he detailed the facts of the alleged offense. He then announced to the court that this petitioner and another party were also charged with entering a bank in Missouri for the purpose of committing a felony, and that he understood that the petitioner wished to waive the indictment in Missouri and have that case transferred to Kansas for disposition of the Missouri charge. The court, addressing the petitioner, stated "you are familiar with the charge that the government proposes to place against you in that District, and it is my duty to explain to you your rights with reference to waiving indictment on that charge." He then carefully explained his right to indictment by a grand jury, stating that he could waive it and consent to be prosecuted by information and consent to the transfer of the case to Kansas for disposition.

After having been thus advised of all his rights, he stated for himself that he would waive indictment and consent to the transfer. The District Attorney then stated that if he desired to waive indictment and consent to be prosecuted by information, he should sign the written waiver. After a "short recess" the court inquired "Is the other case here now?" The District Attorney replied he thought it was, "that is, the information from the Western District of Missouri"; and the Clerk stated, "this is the original information." The court then inquired of the

petitioner if he was "ready for arraignment on the second case." His attorney answered that he was. The District Attorney stated "The information transferred here from the Western District of Missouri reads as follows * * * " and proceeded to read it in open court. The court asked the petitioner how he pleaded on that count and he stated "I plead guilty." The court accepted the plea and the District Attorney proceeded to state in detail the facts of the Missouri offense. The petitioner's attorney then made a statement in mitigation to the effect that petitioner "needs medical treatment" and asked the court to "recommend to the Attorney General some treatment at least in the first phases of his sentence." After having been asked if the petitioner had any reason why sentence and judgment should not be pronounced "in both of these cases", the petitioner answered "No, sir." The court proceeded to impose the sentences.

The essence of the petitioner's present attack on these sentences is simply that as to the Kansas charge, he could not waive indictment on a "proposed charge"; that since no information had been filed and nothing was pending, there was nothing to waive, and not having executed a valid waiver of indictment, the court was without jurisdiction to impose a sentence on a plea of guilty to a subsequently-filed information.

■ Rule 7(b) F.R.Cr.P. provides that: "An offense * * * may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment." It is true of course, as petitioner contends, that jurisdiction of the subject matter of a particular case is vested in the court by the filing of an appropriate charge. But here, after having been fully advised of his rights, he executed the waiver in open court, the information was filed and he received a copy of it. Even though the waiver may have been signed before the actual filing of the information, it did become effective upon the immediate filing of the

information. The court thereupon acquired jurisdiction of the subject matter and of the person and was empowered to impose the sentence. I. e. see Sanders v United States, 10 Cir., 309 F.2d 17.

As to the contention that the court never acquired jurisdiction of the Missouri case because the consent to transfer was executed before the filing of an information in the Western District of Missouri, the trial court found that the petitioner waived the indictment on the Missouri charge and consented to be prosecuted by an information "with the understanding that the case was to be subsequently transferred under Rule 20 to the District of Kansas"; that thereafter the petitioner signed the consent to transfer, witnessed by his retained counsel, and acknowledged receipt of a copy of the information; that on the same date, the case was "literally transferred from the Western District of Missouri to the District of Kansas by a Federal Bureau of Investigation agent and given the Number 10619"; that on the same date, the petitioner was arraigned in this case in the Kansas court; that the District Attorney read the information in open court and the petitioner entered a plea of guilty voluntarily and understandingly to the Missouri charge; and that the sentence was then imposed.

■ The certified copy of the docket entries in the Missouri court show:

"Information—Filed

Waiver of Indictment—Filed.

Consent to transfer Under Rule 20 to the District of Kansas—Filed.

Certified copies of proceedings delivered to the U. S. District Court for the District of Kansas, by an agent of the F. B. I. Mr. Johnnie Young."

The information clearly shows that it was filed on the same date of the executed waiver and the consent to transfer under Rule 20. We can find no jurisdictional irregularities in the procedure by which this petitioner was charged by information, consented to the transfer, entered a plea of guilty, and was sentenced. On

the contrary, the record indicates painstaking solicitude for the rights of the petitioner at every stage of the proceedings, and there is no merit whatsoever to his contentions.

The judgment is affirmed.