Arley WARD, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9378.**

United States Court of Appeals
Tenth Circuit.

Aug. 2, 1967.

Rehearing Denied Aug. 22, 1967.

John A. Esposito, in pro. per., Donald S. Emmer, Los Angeles, Cal., for appellant (argued).

Thomas Lynch, Atty. Gen., Stanton J. Price, Asst. Atty. Gen., Los Angeles, Cal., for appellees.

Before CHAMBERS, HAMLEY and HAMLIN, Circuit Judges.

Louis Parkinson, Englewood, Colo., for appellant.

Newell A. George, U. S. Atty., for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

The appeal is from an order entered, after an evidentiary hearing, denying a petition for a writ of error coram nobis.

The facts, as disclosed by the evidence and found by the trial court, may be summarized as follows: Appellant-petitioner, in 1931, was charged by indictment in the District of Kansas with violation of the Motor Vehicle Theft Act. He was thereafter arraigned upon the indictment and entered a plea of not guilty. Subsequently, by agreement with the government prosecutor, he appeared before the trial court, pleaded guilty to the charge and the imposition of sentence was suspended and probation granted for a period of five years. In 1935, a bench warrant was issued by the trial judge for the apprehension of Ward as a probation violator but apparently the warrant was never executed and the period of probation expired without the imposition of a sentence of confinement.

It is undisputed that Ward did not have an attorney, retained or appointed, during any of the proceedings recited above and did not effectively waive his right to counsel. The trial judge expressly found that "Because of petitioner's poverty, youth, illiteracy and his personal inability to evaluate the legal intricacies involved in the determination of whether to plead guilty or to plead not guilty and go to trial, the petitioner had no other reasonable alternative to gain his freedom but to accept the proposal * * * to plead guilty and to be placed on probation."

In addition to the judgment of conviction under attack, the record shows in 1929, Ward was convicted of the crime of burglary, in 1934, of receiving money under false pretenses, in 1933, of the crime of robbery, in 1952, for a violation af the Dyer Act, and in 1965, he was convicted in the Oklahoma State Court for murder and is now serving a life term pursuant thereto.

Since the decision in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, there has been no question about the availability of the ancient writ of error coram nobis to a person convicted of a crime in a United States District Court. Such remedy remains available even after the judgment of conviction and sentence have been fully satisfied but "only under circumstances compelling such action to achieve justice." Such a motion must be directed to errors of fact of such fundamental character as to make the proceedings attacked invalid.[1]

Counsel for appellant argues that the conviction and sentence attacked here have prejudiced appellant in his appearances before clemency boards and such prejudice will continue to exist in the future whenever appellant seeks further clemency.

The trial court rejected this argument because of the several other felony convictions shown upon appellant's record. We agree with the conclusion reached by the trial judge. The trial court's conclusion was reached only after an evidentiary hearing with petitioner being represented by competent appointed counsel and having an opportunity to sustain his burden of showing "circumstances compelling" the granting of the writ "to achieve justice."

Oral testimony adduced in the hearing below refutes this contention of prejudice. The Supervisor of the Pardon and

1. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Owensby v. United States, 10 Cir., 353 F.2d 412.

**16**

Parole Department of the State of Oklahoma testified that the only thing taken into consideration at the time a life term prisoner applies for parole is his conduct in prison. In addition, the judgment and sentence under attack were rendered nearly thirty-five years ago, there are no existing court records or transcripts to reflect exactly what proceedings were had, no witness was even available to testify from his memory about the proceedings except petitioner and the present record shows that appellant was convicted and sentenced in at least five other cases, most of them of a more serious nature than the crime charged in the proceedings under attack here. We do not believe that the circumstances shown here are such as to compel resort to the writ in order to achieve justice.

Affirmed.