Oran YOUNG, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9748.

United States Court of Appeals
Tenth Circuit.

June 12, 1968.

Samuel D. Menin, Denver, Colo., for appellant.

Kenneth F. Crockett, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The petitioner was convicted and sentenced for violating 18 U.S.C. § 2113 which pertains to bank robbery and incidental crimes. The violation occurred in Missouri but was transferred to the District Court in Kansas pursuant to Fed.R.Crim.P. 20. Relief from the conviction and sentence is sought under 28 U.S.C. § 2255, or in the alternative, under 28 U.S.C. § 1651(a) and (b), on the grounds that the trial judge had been prejudiced before the transfer was completed. The trial court denied relief. We affirm.

Petitioner presents the following questions for review:

1. Can the trial judge and the Assistant United States Attorney conduct a private conference about the defendant's prior criminal record and background before a plea or any other proceeding is taken in a criminal case?

2. Can certain matters found in the pre-sentence investigation be disclosed to the court before a plea or any other proceeding is taken in a criminal case?

Because of the structure of the questions presented and the parsimonious record available in this case, we must rely on the pertinent facts stated by this court in Young v. United States, 354 F.2d 449, 451–452 (10th Cir. 1965) wherein the petitioner, while represented by his present counsel, presented facts

concerning the same offense, but on an unrelated issue.

"Twenty days later, all of the defendants were brought into court, represented by counsel. The court announced that each of the defendants had previously entered his plea of guilty to the one-count information and that *he is here this morning for sentencing.*' When the District Attorney was asked to make a statement, he detailed the facts of the alleged offense. He then announced to the court that this petitioner and another party were also charged with entering a bank in Missouri for the purpose of committing a felony, and that he understood that the petitioner wished to waive the indictment in Missouri and have that case transferred to Kansas for disposition of *the Missouri charge.* The court, addressing the petitioner, stated *'you are familiar with the charge that the government proposes to place against you in that District, and it is my duty to explain to you your rights with reference to waiving indictment on that charge.*' He then carefully explained his right to indictment by a grand jury, stating that he could waive it and consent to be prosecuted by information and consent to the transfer of the case to Kansas for disposition.

After having been thus advised of all his rights, he stated for himself that he would waive indictment and consent to the transfer. The District Attorney then stated that if he desired to waive indictment and consent to be prosecuted by information, he should sign the written waiver. *After a 'short recess'* the court inquired 'Is the other case here now?' The District Attorney replied he thought it was, 'that is, the information from the Western District of Missouri'; and the Clerk stated, 'this is the original information.' The court then inquired of the petitioner if he was 'ready for arraignment on the second case.' His attorney answered that he was. The District Attorney stated 'The information transferred here from the Western District of Missouri reads as follows * * *' and proceeded to read it in open court. The court asked the petitioner how he pleaded on that count and he stated 'I plead guilty.' The court accepted the plea and the District Attorney proceeded to state in detail the facts of the Missouri offense. The petitioner's attorney then made a statement in mitigation to the effect that petitioner 'needs medical treatment' and asked the court to 'recommend to the Attorney General some treatment at least in the first phases of his sentence.' After having been asked if the petitioner had any reason why sentence and judgment should not be pronounced 'in both of these cases', the petitioner answered 'No, sir.' The court proceeded to impose the sentences." Id. (emphasis added).

Petitioner relies solely upon the procedure followed after the recess to establish his claim. He asked the trial court to infer a private conference between the Assistant United States Attorney and the judge based upon the following statement made after the Rule 20 proceedings were completed and his plea of guilty had been entered: "As I stated this morning and as the court no doubt knows, this defendant's record is not good at all. He has been in the penitentiary before and I think he might have been the leader of this, in both cases, both burglaries."

The facts related above disclose that petitioner had entered a plea of guilty to the Kansas charge prior to the Rule 20 proceedings. Sentencing on that charge was delayed for twenty days. During the morning of the day on which sentence was to be pronounced, the Assistant United States Attorney, when asked by the court to make a statement, informed the court that petitioner wished to have the Missouri charge transferred to Kansas for disposition. Sentencing on the Kansas charge was delayed while the court ascertained the petitioner's intention regarding the Missouri offense. Petitioner, with counsel present, in open

court indicated his desire to have a transfer pursuant to Rule 20, knowing he had entered a plea of guilty to a similar offense wherein the court requested a pre-sentence investigation and report in accordance with Fed.R.Crim.P. 32(c) (1). The Rule 20 proceedings were completed. The petitioner entered his plea of guilty. The Assistant United States Attorney then made the statement of which petitioner now complains.

Petitioner relies upon Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed. 2d 1041 (1959), wherein three justices concurred on the ground that a conversation regarding the defendant between an F.B.I. agent and the district judge prior to the plea constituted a violation of Rule 32(c) (1) and was "presumptively prejudicial."

*Smith* did not involve a plea under a Rule 20 transfer wherein the only acceptable act is a plea of guilty or *nolo contendere*. Even if we were to infer a private conference it could not be said, under the circumstances of this case, that petitioner was prejudiced thereby. In the first place the trial judge already was familiar with petitioner's background because he had available the presentencing investigation and report prepared in conjunction with the sentencing on the Kansas offense. This was not a violation of Fed.R.Crim.P. 32(c) (1). Secondly, such an inferred conference could not affect petitioner's plea, for he voluntarily, and on the advice of counsel, requested a Rule 20 transfer, and entered a guilty plea after the transfer was completed. He could have rescinded his action by entering a plea of not guilty after the transfer had been completed, but he did not do so. 8 J. Moore, Federal Practice, Cipes, Criminal Rules ¶ 20.03, note 2 (2nd ed. 1967), citing 1966 Committee Note.

Petitioner's counsel was present at all in-court proceedings and had an opportunity to consider the Assistant United States Attorney's statement in the light of the circumstances occurring on June 20, 1958. Counsel for petitioner presented a statement in mitigation during the proceedings and did not construe the statement here extracted as inferring the proscribed conference of which petitioner here complains. The reflections of counsel on June 20, 1958, were more reliable than the partial excerpts of a cold record almost ten years later.

This court has previously said of the proceedings: "[T]he record indicates painstaking solicitude for the rights of the petitioner at every stage of the proceedings." Young v. United States, 354 F.2d at 453. On this record we will not now say petitioner has made it appear that injury therefrom has occurred. The case is comparable to Smith v. United States, 340 F.2d 953 (5th Cir. 1965) where the trial court considered the report of the pre-sentence investigation prior to the plea of guilty. The court found the prior consideration to be harmless under the circumstances and stated: "The appellant had consented to disposition of the case in the district of his arrest, and had expressed his intention to plead guilty, pursuant to the provisions of Rule 20, Federal Rules of Criminal Procedure, and it is clear from the record that his substantial rights were not affected by the District Court's consideration of the report after consent under Rule 20, but before arraignment." Id.

The trial court found the requested inference to be a frivolous claim on its face and we agree. Petitioner admits that the plea of guilty was entered during the afternoon proceedings, that he was sentenced during the afternoon, and that the statement of government counsel herein complained of was made during the afternoon proceedings. If an inference were to be drawn from the Assistant United States Attorney's statement, the logical one would be that he was referring to the morning proceedings during which he made a statement concerning the Kansas offense.

We have examined the original entry record and from it learn that petitioner herein filed a motion under Fed.R.Crim. P. 35 and obtained relief in that the trial judge reduced the sentence herein

complained of to the term which he is now serving. The sentence, originally within the term prescribed by statute, was reduced to one-half the original sentence.

■ We recognize the alternative request for writ of coram nobis, but we cannot find the "circumstances compelling the granting of the writ to achieve justice." Ward v. United States, 381 F. 2d 14, 15 (10th Cir. 1967). See Kagen v. United States, 360 F.2d 30 (10th Cir. 1966); Owensby v. United States, 353 F.2d 412 (10th Cir. 1965).

We therefore affirm.