**UNITED STATES of America,**
**Appellee,**

v.

**June Hayward STEPHENS, Jr.,**
**Appellant.**

**No. 667–69.**

United States Court of Appeals,
Tenth Circuit.

May 4, 1970.

---

June Hayward Stephens, Jr., pro se.

Jeff R. Laird, Asst. U. S. Atty., for the United States.

Before MURRAH, Chief Judge, and LEWIS and HOLLOWAY, Circuit Judges.

PER CURIAM.

This is an appeal from denial of relief without hearing sought by a motion under 28 U.S.C. § 2255, filed with the United States District Court for the District of Oklahoma. In 1953 appellant Stephens pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), (d), and was sentenced to a 25-year term of imprisonment. Five subsequent applications for post-conviction relief, most of them challenging the voluntariness of his plea, have been unsuccessful. *See* Stephens v. United States, 10 Cir., 376 F.2d 23, cert. denied, 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176. In the cited case we held that an appropriate inquiry into the fact of voluntariness had been made, and that it was specifically found that Stephens' plea, entered in the presence of retained counsel, was voluntary in every sense. 376 F.2d at 24.

Stephens' present motion asserts that his guilty plea was involuntary because he was under the influence of drugs at such time and therefore incompetent. After examination of the several files and records applicable to Stephens the trial court denied the motion as constituting a successive motion raising no new grounds for relief. We affirm. The mere recital of a new factual basis purportedly supporting an earlier considered and rejected ground for post-conviction relief need not be given reconsideration, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, if the trial court in its discretion does not deem the ends of justice so demand.

Stephens' motion here considered is inartfully drawn and contains references to "non compos mentis" and other such generalities. The trial court interpreted the motion as a claim to mental incompetency through use of narcotics resulting in an involuntary plea. We consider such an interpretation to be proper and justified. Mental incompetency may give a right to post-conviction relief on grounds not contained within the ambit of a former plea, and a new "ground," as that term is defined in *Sanders,* cannot be considered as repetitive. 373 U.S. at 16, 83 S.Ct. 1068. However, after six applications and the lapse of 17 years since imposition of sentence, the possibility of abuse of process is very apparent. *See* 373 U.S. at 17–18, 83 S.Ct. 1068, citing cases; Price v.

Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 92 L.Ed. 1356.

Stephens was notified that this court was considering summary affirmance and took the opportunity afforded him to oppose such disposition in memoranda addressing the merits. After a thorough consideration of the files and records in this case we are convinced that further briefing and oral argument is unnecessary. The judgment of the district court is affirmed on our own motion.

Affirmed.