Oran YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19–70.

United States Court of Appeals, Tenth Circuit.

Oct. 7, 1970.

Rehearing Denied Dec. 21, 1970.

David J. Carey, of Eberhardt, Safran & Payne, Denver, Colo., for appellant.

Charles D. McAtee, Asst. States Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., on the brief), for appellee.

Before MURRAH, SETH and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

This is petitioner Young's sixth collateral attack on his 1958 sentence imposed in the District of Kansas on a plea of guilty to two separate bank burglary charges—one committed in Kansas, the other in Missouri. 18 U.S.C. § 2113 (a). Each of the other five attacks under § 2255 alleged sufficiently different grounds for relief to justify consideration and disposition on the merits. This § 2255 motion alleged for the first time that the sentence is invalid because the sentencing judge did not fully advise the accused of the consequences of his plea by informing him of the full range of authorized punishment.

It is conceded that the sentencing judge did not personally address Young to advise him that the maximum authorized penalty for each of the separate charges was 10 years, and that in the discretion of the judge the two sentences could be made to run consecutively for a total of 20 years. It must also be conceded that a plea entered under these circumstances would not satisfy the literal requirements of Rule 11, Fed.R.

Crim.P., as amended July 1, 1966, and that the application of the amended rule would mandate the vacation of the sentence in order to permit Young to plead anew. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. But the amended rule is not retroactive and the question here is whether it affirmatively appears that the plea was entered voluntarily and intelligently in a manner to fully satisfy the constitutional requirements of due process. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16. And also see Jenkins v. United States, 10 Cir., 420 F.2d 433, and Barber v. United States, 10 Cir., 427 F.2d 70. Before the 1966 amendment Rule 11 did not require any ritual of words to insure an intelligent and voluntary plea. See Murray v. United States, 10 Cir., 419 F.2d 1076. But being ever mindful of the gravity of a guilty plea, we have often stated in slightly different language that before accepting a plea of guilty, the sentencing court should either advise the defendant or be certain that he had been fully advised of the consequences of his plea. See Jenkins v. United States, supra, quoting Harper v. United States, 10 Cir., 368 F.2d 53. And see also Wolcott v. United States, 10 Cir., 407 F.2d 1149, and cases cited there.

Upon consideration of the sentencing record and a review of this protracted litigation, the trial judge, who was not the sentencing judge, was convinced that the petitioner, being represented by able and competent counsel during the entire course of the sentencing proceedings, was fully informed of the consequences of his plea and that his constitutional rights were fully protected. We agree.

The immediate circumstances surrounding the entry of this guilty plea are recited in Young v. United States, 10 Cir., 354 F.2d 449. But a chronological review of this litigation will serve to put our present question in its proper perspective. Within the time allowed by Rule 35, the petitioner filed a comprehensive pro se petition for reconsideration and reduction of his sentence. Aft-

er stating that his motion was prepared entirely on his own behalf, he stated in part that, considering the length of his sentence and his age, he would be eligible for release in 13 years and 5 months and would be 40 years of age. He asked the court to modify the two 10-year sentences to run concurrently instead of consecutively so that he would be eligible for conditional release in 6 years and 8 months. This application resulted in a modification of his sentence from 20 to 15 years.

It is significant, we think, that with his intimate knowledge of the terms of his sentence he did not indicate any lack of knowledge of the full range of the authorized penalties when the sentence was entered or that he did not fully understand and realize the consequences of his plea. In his first § 2255 motion he alleged that the crime defined by 18 U.S.C.A. § 2113(a) was a capital offense which could not be charged by information. The trial court rejected this petition and we affirmed in Young v. United States, 10 Cir., 294 F.2d 517. He next challenged the constitutionality of the statute and alternatively the sufficiency of the information. We affirmed the rejection of this contention in Young v. United States, 10 Cir., 309 F.2d 749. He again unsuccessfully attacked the legal sufficiency of the information in Young v. United States, 10 Cir., 329 F.2d 316.

In the fourth § 2255 motion he attacked the waiver of indictment as to each offense because no information had been filed. Additionally, he asserted as a Rule 11 ground that the court failed to determine if the plea was voluntarily made as required by the rule. After reviewing the record of the sentencing proceedings, we thought it indicated "painstaking solicitude for the rights of the petitioner at every stage of the proceedings and that there was no merit whatsoever to his contentions." See Young v. United States, 10 Cir., 354 F.2d 449.

The fifth motion was completely silent on whether the petitioner under-

stood the nature and consequences of his plea and the full range of penalties. We think the sixth motion alleging these facts comes too late, especially in view of his intimate knowledge of the nature of the offense and the range of penalties as shown by his timely motion under Rule 35. Indeed, the circumstances strongly indicate an abuse of process. See United States v. Stephens, 10 Cir., 425 F.2d 247, and Barber v. United States, supra.

In any event, we agree with the trial court that the purely technical grounds of his present attack form no basis for holding that the petitioner's guilty plea was not freely and voluntarily entered with full knowledge of its nature and consequences. The judgment is affirmed.