Sidney B. COHEN, a/k/a Arthur Norman Smith, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 30242

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1971.

Rehearing Denied Feb. 4, 1971.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409.

ment is without merit. Indictments are not open to challenge merely on the ground that the evidence before the grand jury was inadequate or incompetent. Costello v. United States, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956).

Cohen further contends that his plea of nolo contendere was involuntary, and that the assistance rendered him by counsel was ineffective. The District Judge examined the transcript of the original proceeding and concluded, without an evidentiary hearing, that there was no substance to Cohen's allegations. We agree that the records of the case conclusively show that Cohen is entitled to no relief. 28 U.S.C. § 2255; Barrett v. United States, 5 Cir., 1962, 302 F.2d 151.

Affirmed.

Sidney B. Cohen, pro se.

Robert W. Rust, U. S. Atty., Miami, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Sidney B. Cohen appeals from the District Court's denial of his motion to vacate judgment and sentence, 28 U.S.C. § 2255. We affirm.

Cohen was convicted upon his plea of nolo contendere on one count of causing the interstate transportation of a counterfeit American Express traveler's check, knowing the same to be counterfeit, in violation of 18 U.S.C. § 2314. Four similar counts, and one count alleging a violation of 8 U.S.C. § 1326, were dismissed upon motion of the Government. There was no direct appeal.

Cohen contends that, inasmuch as the record does not indicate that the grand jury which indicted him was shown any evidence that he himself caused the counterfeit traveler's check to be transported interstate, the indictment was so defective as to deprive the District Court of jurisdiction. The argu-